### No. 9022.

### FRANK A. GRUNOW VS. JOSEPH MENGE.

A transcript of appeal should be filed, docketed and numbered in this Court, on the return day, or within the delay of grace.

Where a transcript of appeal, which consists of proceedings had since the taking of a suspensive appeal, including those for a devolutive appeal subsequently taken, the former having been dismissed, is filed here under the old number given to the transcript under the first appeal, and no new entry, by number and title of the case, on the clerk's docket shows such filing between the return day and the last day of grace, the case will be stricken from the docket as not pending before the Court. Particularly will this be done when the last transcript thus irregularly filed is deficient and the clerk's certificate discloses its incompleteness and does not connect it with the previous transcript.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*J. H. Spearing* for Plaintiff and Appellee.

*Braughn, Buck & Dinkelspiel* for Defendant and Appellant.

ON MOTION TO STRIKE THE CASE FROM DOCKET.

The opinion of the Court was delivered by

BERMUDEZ, C. J. When this case was called the appellee moved that it be stricken from the docket, on the ground:

1. That the *suspensive* appeal taken from the judgment was dismissed by a final decree.

2. That a proper transcript of the record of the case below, in which a *devolutive* appeal was subsequently obtained, returnable here on the first Monday of November last, was not made and filed in this Court.

3. That the appellant has not complied with the law in the bringing up of the proper transcript, etc.

The facts are the following:

A judgment having been rendered against the defendant, he took a suspensive appeal from it, returnable here on the first Monday of November, last year (1883). He afterwards filed a transcript in this Court and next took a rule in the lower court to have the order for a suspen-

sive appeal rescinded and the appeal dismissed, on the ground that the surety was not good and solvent. This rule was made absolute. An application was then made to this Court for a prohibition to the lower court, which was refused; thus sustaining the ruling of the district judge.

The defendant next obtained a devolutive appeal, returnable as stated, but did not cause a full transcript of the record below to be made and to be filed here on the return day, or within the usual delay following it. He simply caused a copy to be made of the proceedings had since the taking of the suspensive appeal, having the shape of a transcript. This document was on the return day filed, under the number under which the first transcript of the case taken up by the suspensive appeal had been filed, viz: No. 9022.

The clerk's docket and the alphabetical index to it do not show that on the 3d, 4th, 5th and 6th of November of this year any transcript was filed in this Court under any new or current number in which Grunow is plaintiff and Menge defendant.

The certificate of the clerk attached to the copy of the supplementary proceedings does not show that, together with the transcript filed in this Court under No. 9022 of its docket, it constitutes a full and correct transcript of proceedings had, etc., in the case on which the devolutive appeal was taken.

The appellee claims that he could find no clue to the filing of any proceedings in this Court under the devolutive appeal, and that there is no case to be tried before this Court. ·

Clerks are required by law to keep two record books, in one of which they are directed to set down the titles of all causes depending before the Court, mentioning the date of the filing of the record and the names of the counsel employed. In the other book they must enter all the orders, judgments rendered and all the motions made. Both books are to remain open to the inspection of parties concerned and to be accompanied by an alphabetical list containing the titles of the causes. C. P. 775-8.

The clerk of this Court is required by its rules to docket cases in the order of their filing. Rule III (1).

The appellee was under no obligation to hunt up case No. 9023 to ascertain whether the transcript to be made, after the devolutive appeal had been taken, had been filed in this Court.

That transcript, if made, should have been filed under a new number, to be entered on the docket on or after the return day or within the

Grunow vs. Menge.

delay of grace. The failure to have it thus filed and docketed must be visited on the appellant.

It is not enough for an appellant to hand a transcript to the clerk. He must see at his risk that it be properly filed and entered on the docket. 35 Ann. 151, Ford vs. Brooks.

The invoked authority in the Vredenburg case, 32 Ann. 561, has no application to the present matter.

No objection was made to the filing of the last transcript under the number given to the first transcript filed; and the clerk, in attesting the last transcript made, had certified that it and certain other transcripts filed in the Supreme Court, did contain a true, correct and complete transcript of the proceedings had, etc.

In the Succession of Irwin, 33 Ann. 64, we took pains to announce that the privilege should be exercised with discretion and within reasonable limits, and, when sought, that reference should be made to the title and number of the other transcript, which otherwise would not be noticed.

In the present case complaint is made of the filing under an anterior and improper number, of the incompleteness of the transcript, and of the insufficiency of the clerk's certificate.

The filing under the previous number is certainly irregular, and the clerk's certificate does not connect the last transcript with the first as filed in this Court. A reference to the number of the case in the lower court does not remedy this fatal defect.

Going, however, to the length of conceding that the paper filed may be considered as properly docketed—that is, *numbered* and *indexed* in due time—the incomplete certificate of the clerk, showing its deficiencies, was enough warning to the appellant to put him on his guard, and he has failed to supply the same. It would be impossible for this Court to pass upon the merits of this controversy on this mutilated transcript.

It is therefore ordered and decreed that this case be stricken from the docket of this Court at the cost of the appellant Menge.

Fenner, J., concurs in decree.

Todd, J. and Manning, J., dissent.

---

### CONCURRING OPINION.

FENNER, J. That the second appeal was wrongly filed under the number of a former appeal does not admit of doubt. That error absolves the appellee from the penalty of not making his motion to dismiss in

time, because such filing gave him no notice that the appeal had been brought up.

But, on the other hand, the fault of such erroneous filing is not, in my opinion, to be visited on the appellant, in absence of proof that he directed the same. It must be treated as an error of the clerk. I look at the case precisely as if the transcript had been filed as a new appeal under an independent number.

Regarding it in this light, I find a transcript containing nothing but proceedings subsequent to the judgment appealed from, and a certificate exposing its incompleteness and making no reference to any former transcript on file in this Court, or to any other source from which the incompleteness could be supplemented.

In the Vredenburg case, 32 Ann. 561, we held that where a second transcript of appeal contained a certificate that it, *together with other transcripts already on file here* and properly identified, contained all the proceedings had, etc., in the case, we would consider the first as part of the second transcript of appeal, and would not dismiss the appeal.

But we are now asked to go further, and, without any reference to a former transcript in the new certificate, to hunt it up ourselves and embody it as part of the new transcript.

This is utterly inadmissible and justified by no law, authority or practice.

Appreciating the hardship of the instant case, I am compelled to apply to it, as to all others, uniform rules.

For these reasons I concur in the decree, since it is the same, in effect, as a dismissal of the appeal.

---

### DISSENTING OPINION.

TODD, J. The defendant took a suspensive appeal in this case and filed on the 8th of November, 1883, his transcript of appeal.

Subsequently thereto, the order for the appeal was rescinded by the judge of the first instance, on account of the insufficiency of the security on the appeal bond.

Thereupon, the defendant and appellant took a devolutive appeal from the judgment from which he had previously taken the suspensive appeal and filed in this court a supplemental transcript, containing the proceedings in the lower court, under the rule to set aside the appeal for insufficiency of the bond, and the motion and order for the devolutive appeal. This supplemental transcript was seasonably filed and received the same number as the transcript previously brought up un-

der the suspensive appeal. If there was any fault in the numbering of the last transcript, or in the omission of the clerk to expressly connect the supplemental transcript with the original one, it was not the fault of the appellant. But apart from this, an inspection of proceedings contained in this last transcript and an examination of the clerk's certificate thereto, wherein he certifies that it contains the proceedings in the rule to set aside an appeal in a case bearing the same title and the same number in the district court as the one shown in the first transcript, leave not the slightest doubt that the proceedings contained into the two transcripts, refer and belong to one and the same case.

Being thus assured that we have the entire proceedings before us, I think we should try the case and not strike it from the docket.

I therefore dissent.

Manning, J. concurs in this opinion.