JOHN SCHULTE, Assignee, *vs.* FIRST NATIONAL BANK OF MINNEAPOLIS, impleaded, etc.

July 21, 1885.

Practice — Delivery of Complaint to Clerk held not a Filing.—The delivery of a complaint to be filed to a clerk of the district court not in his office, and the making of an indorsement of filing by the clerk in proper form, the paper not, however, being deposited in his office, nor any entry of a filing being there made, does not constitute a filing of the complaint in such office.

Same—Finding of Fact as to Filing of Complaint.—A distinct finding, as a finding of *fact*, by the court that a complaint was not filed nor on file in the office of the clerk, considered as determining the fact in controversy, that the complaint was not delivered to the clerk *in* his office, although a previous finding was that the complaint was delivered to the clerk as he was passing from his office into the court-room, which adjoined his office.

Plaintiff, as assignee in insolvency of one Jacob Deutsch, brought this action in the district court for Hennepin county, against the defendant bank, the clerk of the court, and the sheriff of the county, to restrain an execution sale under a judgment in an action by the bank against Deutsch, and to amend the record and files in that action (which showed a filing of the complaint on October 28, 1884,) so that they should show that the complaint was filed December 2, 1884. The judgment was entered December 2, 1884, and execution issued and was levied the same day. On December 3rd, Deutsch made an assignment to plaintiff under the insolvent law of 1881. (Laws 1881, *c*. 148.) The complaint alleges, among other things, that when the action by the bank was brought, Deutsch was insolvent, and was contemplating an assignment in insolvency.

The action was tried before *Young* and *Koon*, JJ., who found generally that all the allegations in the complaint were true, and also found the facts in regard to the filing of the complaint as they are stated in the opinion. Judgment was ordered and entered for plaintiff, and the defendant bank appealed.

*Wilson & Lawrence*, for appellant.

*Ueland, Shores & Holt*, for respondent.

DICKINSON, J.[1]   The defendant bank recovered a judgment against the plaintiff's assignor, and execution was issued and levied upon property of the latter. Within 10 days thereafter the judgment debtor made an assignment to the plaintiff under the insolvent law of 1881. (Laws 1881, *c*. 148.) By the terms of the statute cited (§ 1) the effect of the assignment was to dissolve the levy under execution, unless the complaint in the action in which the judgment was recovered was "filed in the office of the clerk of the court twenty days prior to the entry of the judgment."

The issue in this case was as to whether the complaint in the action referred to was so filed. The office of the clerk of the court is adjacent to the court-room of the district court. More than 20 days prior to the entry of the judgment, the complaint in the action was delivered to the clerk of court, to be filed. The evidence is conflicting

[1] Vanderburgh, J., did not hear the argument, and took no part in the decision of this case.

as to whether this occurred in the clerk's office or in the court-room; but it appears that the proper indorsement was made upon the complaint by the clerk at his desk in the court-room, and that it was then left by him in a desk in the court-room until the day on which judgment was rendered, December 2d, and until the latter day no record was made in the clerk's office of the filing of the complaint.

The cause having been tried by the court, the facts were found to be that the complaint was taken to the office of the clerk to be filed; that it was handed to the clerk "as the latter officer was passing from his office into the court-room," where he indorsed and deposited the paper as before stated; and that the complaint "was never filed or on file in the office of said clerk until the said second day of December, 1884, (the day of entering judgment,) nor was any entry thereof made in the register of actions or elsewhere in said clerk's office" until the day last named.

Upon the facts so found it was considered that the indorsed filing upon the complaint and the entry in the register of actions should be amended so as to show the complaint to have been filed on the second day of December; and that the assignee of the judgment debtor was entitled to the property. Judgment was entered accordingly, from which this appeal was taken.

The court having determined, as a matter of *fact*, that the complaint was not filed in the office of the clerk until the day on which judgment was entered, the judgment must be sustained. The argument of the appellant is based upon the assumption of the fact that the complaint was delivered to the clerk, to be filed, *in his office*, and that he carried it *from* his office into the court-room. But there is no such finding of fact expressed, nor can we so interpret the meaning of the finding that it was handed to the clerk "as the latter officer was passing from his office into the court-room," in view of the more *distinct* determination of fact that it "was never filed or on file in the office of said clerk until the said second day of December." The judgment is right upon the facts as found by the court, and they are sustained by the evidence tending to show that the complaint was delivered to the clerk in the court-room, and not in his office.

If the appellant deemed the fourth finding of fact above recited to

have been intended by the court as a *conclusion* from the previous finding, application should have been made to have the facts distinctly found as to whether the complaint was delivered to the clerk *in* his office or in the court-room. *Bradbury* v. *Bedbury*, 31 Minn. 163. The mere delivery of the paper to the clerk to be filed, at a place other than his office, where it was required to be filed, even though the proper indorsement was put upon the paper, did not constitute a filing in that office within the meaning of the statute above referred to. The assignee, whose right to the property depended upon the fact in issue, may maintain an action to reform the record of the filing so that it shall be in accordance with the fact. *Balch* v. *Shaw*, 7 Cush. 282.

Judgment affirmed.