[L. A. No. 396. Department One.—June 24, 1898.]

CHARLES A. EDWARDS, Trustee, Respondent, v. GERARD GRAND et ux., Appellants.

MORTGAGE—DECLARATION OF HOMESTEAD—PRIORITY OF RECORD.—A mortgage, executed by a husband, duly acknowledged and deposited in the recorder's office after the usual hour of closing in the evening, with direction to the recorder to record it, though not marked by the recorder as filed for record until the following morning, will prevail over a declaration of homestead made by the wife upon a portion of the mortgaged premises which was handed to the recorder on his way to the office on the following morning, and marked filed for record at the same time with the mortgage.

ID.—DEPOSIT OF INSTRUMENT FOR RECORD—FILING—INDORSEMENT.—An instrument is deemed to be recorded when, being duly acknowledged, or proved and certified, it is deposited in the recorder's office with the proper officer for record, and it is filed for record when so deposited with directions to record it. Indorsing the fact and time of its deposit is not an essential part of its filing.

ID.—DELIVERY OUT OF RECORDER'S OFFICE.—The delivery of an instrument to the proper officer at a place other than the office where it is required to be filed is not sufficient, even though the officer should indorse it as properly filed when so delivered.

ID.—DEPOSIT FOR RECORD AFTER USUAL HOURS.—The fact that the mortgage was deposited in the recorder's office, and delivered to the recorder therein for record after the usual hour for closing the office, does not preclude that it should be deemed filed for record at the time of such deposit. Office hours are established to define a duty of the officer, and for the convenience of the public, and are not to be construed as limiting the time within which individuals may avail themselves of rights elsewhere conferred by statute.

ID.—ATTORNEY'S FEES—PROVINCE OF COURT.—The court may determine whether the whole or a portion of the amount stipulated in the mortgage as attorney's fees for its foreclosure was a reasonable fee, even if no evidence was presented in reference thereto.

APPEAL from a judgment of the Superior Court of the County of Santa Barbara and from an order denying a new trial. V. A. Gregg, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellants.

Paul R. Wright, and W. S. Day, for Respondent.

HARRISON, J.—The defendant, Gerard Grand, executed a mortgage to the plaintiff November 22, 1892, and on the same day his wife, Maria Jesus Grand, made a declaration of homestead upon a portion of the mortgaged premises. The present action against both husband and wife for the foreclosure of the mortgage is resisted by the wife upon the ground that, to the extent that the mortgaged premises are covered by the declaration of homestead, the mortgage is invalid, for the reason that she did not unite in its execution. The facts relating thereto are as follows: On the day that the mortgage was executed the agent of the plaintiff took it to the office of the county recorder for record a few minutes after 5 o'clock in the afternoon, and,

as the statute only required the office to be kept open until 5 o'clock, he delivered it to the recorder with the request that he would record it the first thing on opening the office on the next morning, and it was thereupon received by the recorder and left in his office. On the next morning a little before 9 o'clock, while the recorder was on his way to the office, the declaration of homestead was handed to him, with the request that he would record it the first thing after the office was open, and when he reached his office, finding that the two instruments affected the same premises, he indorsed each of them as follows: "Filed for record November 23, 1892, at nine o'clock A. M." Upon these facts the court found that the record of the mortgage was in fact prior in point of time to that of the declaration of homestead, and rendered judgment in favor of the plaintiff for a sale of the entire mortgaged premises.

Section 1241, subdivision 4, of the Civil Code, declares that the homestead is subject to execution or forced sale in satisfaction of a judgment obtained on a debt secured by a mortgage on the premises "executed and recorded before the declaration of homestead was filed for record." "An instrument is deemed to be recorded when, being duly acknowledged or proved and certified, it is deposited in the recorder's office with the proper officer for record." (Civ. Code, sec. 1170; *Watkins v. Wilhoit*, 104 Cal. 395.) An instrument is "filed" for record when it is deposited in the proper office, with a person in charge thereof, with directions to record it. (*Tregambo v. Comanche etc. Co.*, 57 Cal. 501.) Indorsing the fact and time of its deposit is not an essential part of the filing. (*Bishop v. Cook*, 13 Barb. 326; *Smith v. Biscailuz*, 83 Cal. 344.) Delivering an instrument to the proper officer at a place other than the office where it is required to be filed is not sufficient, even though the officer indorse it as properly filed. (*Schulte v. Minneapolis Bank*, 34 Minn. 48. See, also, *Estate of Sbarboro*, 63 Cal. 5.) The court, therefore, properly held that the mortgage was executed and recorded before the declaration of homestead was filed for record. The contention of the appellant that, inasmuch as the mortgage was delivered to the recorder after the hour for closing the office, it cannot be deemed to have been filed for record until the hour for opening the office on the next morning, is untenable. We are cited to no

authority in support of the proposition that an instrument can be properly filed only within the hours fixed by statute for keeping the office open. These hours are established for the purpose of defining a duty of the officer, and for the convenience of the public, and are not to be construed as limiting the time within which individuals may avail themselves of rights elsewhere conferred by statute.

There was no error in the allowance to the plaintiff of attorney's fees for the foreclosure of the mortgage. (*O'Neal v. Hart,* 116 Cal. 69.) The court could determine whether the whole or a portion of the amount stipulated in the mortgage was a reasonable fee, even if no evidence was presented in reference thereto. (*Clancy v. Plover,* 107 Cal. 272.)

The judgment and order are affirmed.

Van Fleet, J., and Garoutte, J., concurred.