HYATT *v.* ALBRO.

WATERS—MILL OWNERS—RIPARIAN RIGHTS — RECLAIMING LAND—
    DEEPENING STREAM—INJUNCTION.
    The owners of property abutting upon a lake will be enjoined
        from deepening the channel of the stream serving as an out-
        let for the lake, in order to reclaim overflowed lands, w,here
        the effect of such action would be to leave a mill owner
        below without power sufficient to run his mill at certain
        seasons, and at other seasons to carry down the water in such
        volume as to endanger his dam.

Appeal from Genesee; Wisner, J.    Submitted October
5, 1899.    Decided November 7, 1899.

Bill by Fanny J. Hyatt and Charles M. Howe against
Jarvis E. Albro, county drain commissioner, and others,
to enjoin the deepening of the channel of a stream.    From
a decree dismissing the bill, complainants appeal.    Re-
versed.

*Clarence Tinker* and *Everett L. Bray*, for complain-
ants.

*Roberts & Crane* and *Brennan & Cook*, for defend-
ants.

MONTGOMERY, J.    Complainants are the owners of a
flour and grist mill in the village of Linden, Genesee
county.    A dam has been maintained across the Shiawas-
see river by complainants and their grantors for upwards
of 30 years, and the water-power thus provided has been
the only power used in or about this mill.    The bill alleges
that above the dam in Shiawassee river are two lakes,
known, respectively, as "Tupper Lake" and "Mud Lake,"
the two being connected by a river known as the "Middle
River," and the upper lake being fed by Shiawassee river,

which has its origin at a point farther up. The two lakes are, therefore, really enlargements of Shiawassee river. It is alleged that the defendants are about to deepen the natural channel of the Shiawassee river about two feet, and it is alleged that the purpose of this is to lower the level of the two lakes referred to, for the purpose of reclaiming the lands which are overflowed by these lakes a portion of the year at least. It is further alleged that these lakes furnish a natural reservoir, which furnishes complainants' power, and that, if the water is lowered in the lakes, the effect will be to leave complainants without power for a large portion of the year, and, furthermore, that the deepening of the channel will carry down the water in greater volume during times of freshet, endangering complainants' dam. The circuit judge was of the opinion that any interference with complainants' rights which limits the power to be derived or its duration through the seasons of the year would be a proper subject for the consideration of a court of equity, and that if the defendants, by this contemplated proceeding, would, in its prosecution, work an injury to the rights of the complainants, it would be the duty of the court to restrain such action.

The complainants have the right to have the water flow naturally, without being accelerated or impeded, except to the extent that the concurrent rights of the upper riparian proprietors may effect such results. In so far as the proper use of the stream above results in inconvenience, or impedes the use of the stream by complainants, it is *damnum absque injuria.* Has the upper riparian owner the right to reclaim a portion of this lake by so accelerating the flow of the stream as to lower the water in the lake, thereby narrowing the area so as to reclaim overflowed lands? This accumulation of water from the overflow of the banks of the lake, fed by the Shiawassee river above, cannot be called surface water. *West* v. *Taylor*, 16 Or. 165; *Schaefer* v. *Marthaler*, 34 Minn. 487 (57 Am. Rep. 73); *Macomber* v. *Godfrey*, 108 Mass. 219 (11 Am. Rep.

349); Gould, Waters, § 264; *Stock* v. *Township of Jefferson*, 114 Mich. 357 (38 L. R. A. 355). The right to drain surface water is clear. Gould, Waters, § 265. But the right to drain any portion of the waters of these lakes above, which constitute the source of supply to the complainants' water-power, would unquestionably be a wrong against complainants if the water were diverted from the stream. Is it any the less an interference with the complainants' property rights if the water be precipitated in an artificial manner by means of a deepened channel through the stream itself? We think not. On the contrary, this increasing of the flow, it is alleged with much force, would work an additional injury by imperiling complainants' dam. The circuit judge was of the opinion that the flow of water would not be diminished by the deepening of the river. We think it clear, however, that by the deepening of the channel the water will be carried off more rapidly than it now is. Indeed, if it is not expected that this will be the result of the improvement, we are at a loss to understand why it was undertaken.

The decree dismissing the bill of complaint is reversed, and a decree will be entered enjoining the proposed deepening of the river, with costs of both courts to complainants.

The other Justices concurred.