OLD COLONY STREET RAILWAY COMPANY *vs.* S. LOUISE THOMAS & another.

SAME *vs.* THEODORE B. THOMAS & another.

Norfolk.   March 8, 1910. — May 17, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Practice, Civil,* Exceptions. *Superior Court. Land Court,* Appeal. *Evidence,* Presumptions and burden of proof. *Clerk of Courts.*

Where a judge of the Superior Court, in a case which has been appealed to the Superior Court from the Land Court, has ordered that the respondent, who has alleged exceptions to certain rulings made in the Superior Court and whose ex-

---

ceptions have been allowed, shall enter his exceptions in this court on or before a certain day and that, if they are not so entered, the exceptions "shall thereupon be overruled and the rulings and orders excepted to affirmed unless the court, for good reason, extends the time," and the respondent, without procuring any extension of time, fails to comply with the order, and, upon his entering the exceptions in this court two days late, this court upon motion of the petitioner dismisses the exceptions, the case is still pending in the Superior Court, which still may revoke its former order and extend the time within which the exceptions must be entered in this court, and the petitioner has not an absolute right to have a motion allowed that "the final decision of" the Superior Court be "certified to the Land Court," there not having been any final decision.

A report filed by a judge of the Land Court, on an appeal by a respondent from a decree granting a petition for the registration of the title to certain flats, stated: "From a study of the report of the official examiner . . . I found good record title in the petitioner. . . . The matter set forth in the issues on this appeal was not presented before me otherwise than as it might appear from the deeds in the chain of the petitioner's record title and from the answers filed by the respondent. As to the latter, the case had been specially assigned for trial and the respondent had defaulted. As to the former, I found, from an examination of the records submitted to me, title in the petitioner as above stated." *Held,* that, under the circumstances of the default of the respondent, the report was sufficient under St. 1905, c. 288, which required of the judge "a full report of his decision and of the facts found by him so far as they relate to or bear upon any questions involved in the appeal."

Under St. 1905, c. 288, which requires a judge of the Land Court, where an appeal is taken from that court to the Superior Court, to file in the Superior Court "a full report of his decision and of the facts found by him so far as they relate to or bear upon any questions involved in the appeal," the judge is not obliged to make specific findings upon issues framed for the Superior Court, because such issues are framed after the findings are made.

The official act of a judge of the Land Court in framing issues for the Superior Court upon an appeal to that court for a jury trial on the facts, establishes *prima facie* the proposition that such issues are pertinent and ought to be tried.

In determining whether issues, which were framed by a judge of the Land Court upon an appeal, by the respondent in a petition for the registration of the title to certain land, to the Superior Court for a jury trial on the facts, are material to the case, or whether an exception by the respondent to an order of the Superior Court allowing a motion of the petitioner that the appeal be dismissed because the issues were not material should be sustained, this court cannot consider matters in a decision and report made by the judge of the Land Court in granting another petition by the same petitioner for the registration of land contiguous to that described in the first petition, although such decision and report are a part of the same bill of exceptions in this court.

The only place for making a record or for keeping a record of a case in the Superior Court is in the clerk's office, except as such records may be made or kept for the time being in a place where the court is sitting.

Where one, who has claimed an appeal to the Superior Court from a decree of a judge of the Land Court, after the office hours of the clerk of the Superior Court on the thirtieth day after the date of such decree, leaves with an assistant clerk of the court at his house and not at the clerk's office the papers which, by R. L. c. 128, § 13, he should file within thirty days after the date of the decree, and on the next day the assistant clerk takes the papers to the office of the clerk and

enters them there, dating the entry on the docket as of the day on which he received them at his house, there is no entry of the appeal in the Superior Court within thirty days after the decree, and therefore the record made by the assistant clerk should be amended and the appeal should be dismissed.

Two PETITIONS, filed in the Land Court on January 22, 1904, and on February 4, 1907, respectively, for the registration of the title to certain contiguous parcels of land and flats in Quincy.

In the first case, after a general default had been entered by the Land Court on February 16, 1906, as to "all parties defendant, whether named in the notes or not who have not appeared or answered," Theodore B. and S. Louise Thomas on November 30, 1906, with the consent of the petitioners filed separate answers. The case was expressly assigned by the Land Court for a trial on June 6, 1907, and the respondents then were defaulted and a decree of confirmation and registration of title in the petitioner was entered on June 19, 1907, from which the respondents Thomas appealed to the Superior Court. The judge of the Land Court framed issues for the trial in the Superior Court and also filed a report of his findings. On October 15, 1908, the petitioner filed in the Superior Court the motion to dismiss the respondents' appeal from the decree of the Land Court, which is described in the opinion. The motion was heard and allowed by *Crosby*, J.; and the respondents alleged exceptions.

In the second case, there was a full hearing on the merits in the Land Court and a decree for the petitioner on January 15, 1908, from which the respondents Theodore B. and S. Louise Thomas claimed an appeal to the Superior Court. According to the docket of the clerk of the Superior Court for the county of Norfolk, the appeal papers were filed in the clerk's office on February 14, 1908. The petitioner moved to dismiss the appeal on the ground that it was not entered within thirty days after the decision appealed from, and also moved that the record of the clerk of courts be corrected, because the appeal papers were not entered in the clerk's office until February 15, 1908. Attached to the latter motion was an affidavit of Robert B. Worthington, assistant clerk of courts for the county of Norfolk, in which he stated: "In the evening of February 14, 1908, after the office of the clerk of courts for the county of Norfolk was

closed, somebody, I don't know who it was, in behalf of Harvey H. Pratt [attorney for the respondents], came to my house with certain papers now on file in this court under said number. This was, I think, while I was at my evening meal, and was, I should say, about seven o'clock in the evening. At the same time he gave me the entry fee of $3. I received the papers and the money, and, the next morning, took them to the office of the clerk of courts in Dedham, and entered said papers, . . . stamping them as of the previous day. These papers are now included in the papers in said case. The office of the clerk of courts of said county closes at 5 P. M." At the hearing on the motions by *Crosby*, J., the petitioner offered to prove the facts stated in the affidavit, but the judge refused to admit the evidence and denied both motions. The petitioner appealed.

In the second case as in the first, the petitioner filed in the Superior Court a further motion to dismiss the appeal from the Land Court on grounds similar to those stated in the opinion as to the first case. The motion was heard by *Crosby*, J., and allowed; and the respondents alleged exceptions.

The respondents having delayed entering in this court their exceptions to the order of the Superior Court dismissing their appeals from the decisions of the Land Court in the two cases, on motion of the petitioner it was ordered that the exceptions be entered in this court on or before January 1, 1910, and, if they were not so entered, that the exceptions "shall thereupon be overruled and the rulings and orders excepted to affirmed unless the court, for good reason, extends the time." The respondents did not enter their exceptions in this court until January 3, 1910, and, on motion of the petitioner, this court dismissed the exceptions. The petitioner thereupon moved in each case that, the order as to the entry of the exceptions on or before January 1, 1910, not having been complied with, " the final decision of " the Superior Court " be certified to the Land Court," and the respondents moved in each case that the order as to the entry of their exceptions on or before January 1, 1910, be revoked and that the time for such entry be extended to and including January 24, 1910. The petitioner's motions were denied and the respondents' motions were allowed by *Pierce*, J.; and the petitioner appealed.

*H. H. Pratt,* for the respondents.

*Asa P. French,* (*W. A. Rollins* with him,) for the petitioner.

KNOWLTON, C. J.   These are appeals and exceptions in two cases brought in the Land Court for the registration of titles. We will consider first the appeal in each case from the order of the Superior Court, made on January 21, 1910, revoking an order of November 29, 1909, that the exceptions be entered in the Supreme Judicial Court on or before January 1, 1910, and in default thereof that they be overruled and the rulings and orders excepted to affirmed, unless the court, for good reason, should extend the time.   The respondents having failed to enter the exceptions within the time prescribed, and having entered them afterward without a further order, they were dismissed upon motion by the Supreme Judicial Court.   Thereupon the petitioner filed in each case a motion that the final decision be certified to the Land Court, and the respondents filed a motion that the order of November 29 be revoked, and the time for entering the exceptions be extended.   The court denied the former and allowed the latter of these motions, and the petitioner appealed in each case.

The cases were pending in the Superior Court after the order of the Supreme Judicial Court dismissing the exceptions.   No final judgment or order had been entered in the Superior Court in pursuance of the order of November 29, and the cases were there for disposition.   It was therefore in the power of the Superior Court to deal with them in any proper way, and to revoke the former order if good reason was shown for so doing.   The appeal is not well founded, and the last order of the Superior Court is affirmed.

In the first of these cases there was a decision in favor of the petitioner and an order for the registration of the title in the Land Court, from which the respondents appealed to the Superior Court.   Issues were framed by the Land Court for trial in the Superior Court, as required by the statute.   The petitioner filed in the Superior Court a motion for the dismissal of the appeal, which was allowed, and exceptions were taken from the order of dismissal.   The reasons for the motion to dismiss were stated therein as follows:

" First, because the report of the judge of the Land Court is

not a full report of the facts found by him so far as they relate to, or bear upon, any questions involved in this appeal, and does not comply with the requirements of St. 1905, c. 288, and the petitioner is thereby deprived of the benefit of the presumption in its favor which the statute undertakes to secure to it.

" Second, because the judge of the Land Court has made no specific finding upon the issues, or either of them, framed for this court upon this appeal.

" Third, because it does not appear that the issues framed for the jury in this court were material to the decision of the Land Court, from which this appeal was taken.

" Fourth, because there was no trial in the Land Court upon the facts.

" Fifth, because it does not appear that the decision of the Land Court was based upon any disputed issue of fact.

" Sixth, because it appears that the decision of the Land Court was based upon a question of law, and not of fact.

" Seventh, because it appears that the decision of the Land Court was based solely upon an inspection of the record title to the land described in the petition, and involved only the construction of the conveyances and other instruments forming the chain of that title, and that error, if any, in said decision of the Land Court, was error of law and not of fact, the remedy for which is by appeal or exceptions to the Supreme Judicial Court, and not by appeal to this court."

The report of the judge of the Land Court * states briefly the

---

* The report of the judge of the Land Court stated : " From a study of the report of the official examiner, consisting of an abstract of what he reported to be the entire record title to the premises since 1808, I found good record title in the petitioner, with the boundary lines over the flats running in continuance of the boundary lines on the upland protracted to low water mark, and subject only to a mortgage to the Old Colony Trust Company, to the rights of the public below high water mark, and to certain attachments, and ordered a decree accordingly which was subsequently entered.

" The matter set forth in the issues on this appeal was not presented before me otherwise than as it might appear from the deeds in the chain of the petitioner's record title and from the answers filed by the respondents. As to the latter, the case had been specially assigned for trial and the respondents had defaulted. As to the former, I found, from an examination of the records submitted to me, title in the petitioner as above stated."

important matters that occurred at the hearing before him, and it is sufficient under the statute. The facts that the respondents had been twice defaulted before him, and that they failed to offer evidence of the matters averred in their answers, are reasons why the report does not deal with the issues in such detail as it otherwise would. The first reason stated in the motion is insufficient.

The judge was not obliged to make specific findings upon the issues framed for the Superior Court, as it is assumed in the second reason that he was. The issues were not framed until after his findings had been made.

To the third, fourth, fifth, sixth and seventh of the reasons, the answer is that the judge framed issues for the Superior Court, and this official act establishes *prima facie* the proposition that they are pertinent and ought to be tried. In this record there is nothing to show that they were not material to the decision of the judge, nor that his decision was not founded in part upon questions of fact. It is to be assumed that all material facts were considered and passed upon in the Land Court.

In the long and elaborate decision and in the report in the second case there are statements which make it seem probable that these issues are immaterial, and that the answers to them would not affect the decision of the Land Court in this first case, which, except in the particulars referred to in these issues, is not appealed from. But the decision and the report in that case, although founded in part upon the same facts as the decision in this, are not a part of the record in this first case, and cannot be considered in the decision of it. It follows that the judge of the Superior Court was wrong in dismissing this appeal, upon the record before him, and the exception to his order must be sustained.

In the second case a bill of exceptions was filed by the petitioner, founded on the adverse decision of the judge upon its motion in the Superior Court to prove facts and to have the record amended, and to dismiss the respondents' appeal because it was not entered within the time prescribed by the statute. It appears upon the affidavit of the assistant clerk of the Superior Court — and the petitioner offered proof of these facts — that the appeal papers, which were to be filed on February 14, 1908,

were taken to the house of the assistant clerk in the evening of that day, and handed to him there, and were not taken to the clerk's office until February 15, when they were marked as entered on February 14. The principal question raised by these exceptions is whether it is an entry of an appeal in the Superior Court, within the meaning of the statute, to hand the papers to the clerk of the court, or to any one of the assistant clerks, when he is away from the clerk's office, at any place where he happens to be found within the county. Entries of different appeals might be made in different remote parts of the county at the same time, if the papers were handed to the clerk and to different assistant clerks who were found in these places, and some of them might not appear of record for days afterward, if it happened to suit the convenience of one or more of these officers to remain away for a considerable time. The appeal is to be " entered within thirty days, . . . and upon the entry of the appeal the appellant shall file in the Superior Court copies of all material papers in the case, certified by the recorder." R. L. c. 128, § 13. The appeal is to the Superior Court, and is to be entered in that court. This plainly appears from the language of this section, from the St. 1905, c. 288, and from other parts of the statutes.

What is it to enter an appeal in the Superior Court and to file all material papers in that court ? It cannot be less than to make the appeal and the papers a matter of record in the court. On the entry of the appeal the suit is pending in the appellate court. Every case pending there should be a matter of record from the moment of its inception in that court. The only place for making a record or for keeping a record of a case in the Superior Court is in the clerk's office, except as such records may be made in the court and kept for the time being in the court, when it is actually sitting elsewhere. "If the appellant does not duly prosecute his appeal within the time limited, the original order, decision or decree shall stand as if no appeal had been taken." R. L. c. 128, § 15. Suppose that, immediately after the expiration of the time limited, action is proposed to be taken upon the original decision or decree. How can it be determined whether the appeal has been prosecuted, except by an examination of the record in the clerk's office? If the papers are in the

pocket of the clerk or one of the assistant clerks to whom they were handed, and if they never have been entered upon the records in the clerk's office, shall it be said that the appeal has been prosecuted within the meaning of the statute?

In the *Estate of Giovanni Sbarboro*, 63 Cal. 5, the question was whether a petition to revoke the probate of a will was seasonably filed. It was delivered to the judge at his private residence on the last day of the year allowed by the statute. The next morning he took it to the office of the clerk and directed him to file it as of the day before. It was held that, "as the petition had not been filed in the court within the year, it was too late to file it at all." A part of the decision in *Edwards* v. *Grand*, 121 Cal. 254, is said in the headnote to be, that "Delivery of an instrument to the proper officer at a place other than the office where it is required to be filed. is not sufficient, even though the officer should indorse it as properly filed." See *Schulte* v. *First National Bank of Minneapolis*, 34 Minn. 48. Under recording acts, it is generally, and so far as we know universally, held that the instrument must be delivered at the recording office, and that delivery elsewhere will not constitute a record, even though the officer indorses it as filed at the time of delivery. See cases cited in 24 Am. & Eng. Encyc. of Law, (2d ed.) 99. We are of opinion that an entry of an appeal in the Superior Court, especially where there is a particular requirement that the papers must be filed in that court, means an entry with the proper officer of the court in the place where its records are kept, so that, if the clerk does his duty, it will immediately appear upon the records of the court that the entry has been made. We are of opinion that the receipt of the papers by the clerk or an assistant clerk of the court at his place of residence, at a distance from the office where the records of the court are made and kept, is not an entry in court, and that leaving the papers there, whatever indorsement the clerk puts upon them, is not a filing of them in the court. Most of the reasons of the rule relative to ordinary recording offices apply as well to such a filing and such records in the Superior Court. See *Cheney* v. *Assessors of Dover*, *ante*, 501, relative to the entry of an appeal from an application to the assessors for an abatement of a tax, and *Orne* v. *Barstow*, 175 Mass. 193. We are of opinion that

this interpretation of the law will better protect the rights and interests of the people than a rule that would make a delivery of papers to an officer of the court at a place far away from the court, or from his office, an entry of an appeal in the court, and the filing of the papers in the court.

The provision of the R. L. c. 159, § 18, that " For hearings, and for making, entering and modifying orders and decrees in equity causes, by one justice, and for issuing writs in such causes, the courts shall always be open in every county, except on legal holidays," does not mean that there is a court which is open wherever a clerk or assistant clerk happens to be found, without the presence of any justice.   It has no application to the question before us.

It is important to the rights of parties that such provisions of statutes should be strictly observed.  *Bergen* v. *Jones*, 4 Met. 371, 377.  *Bartlett* v. *Slater*, 183 Mass. 152, 153.  *Briggs* v. *Barker*, 145 Mass. 287.  *Snow* v. *Dyer*, 178 Mass. 393.  *De Bang* v. *Scripture*, 168 Mass. 91.

Under the statute and the above decisions it is plain that, if the delivery of the papers to the assistant clerk at his residence, in the evening, was not an entry of the appeal in court and a filing of the papers in court, the evidence should have been received, the record amended, and the appeal dismissed as entered too late.  We are of opinion that these exceptions of the petitioner should be sustained.

The parties have argued fully the respondents' exceptions in the second case, which present for our consideration the question whether the appeal was rightly dismissed for the reasons given. This bill of exceptions deals with the merits, and as we are of opinion that a proper consideration of it shows that the respondents could not have prevailed if the exceptions had been entered seasonably, we are inclined to discuss it briefly.  One of its statements is in these words :  " It was admitted that the only point raised by the issues framed by the Land Court in both cases was the location of the Vinal-Jenkins line, so-called."  We infer that the issues in this case were dismissed on the ground that they were immaterial to the decision.  This decision recites, as does also the report of the judge of the Land Court, referring to the description in the deed from the Riddle heirs to Newcomb,

that " the controversy is not really material, however, because
the boundary lines now in question were settled by subsequent
deeds." In referring to the ingenuity of the parties in support-
ing opposing theories as to the location of boundaries in the old
deeds, including the deed from Vinal to Jenkins in 1806, in
which the Vinal-Jenkins line, so called, first appears, the judge
says, in his decision, " However interesting, this does not seem
to me to be either profitable or necessary because the later deal-
ings of the parties settled the whole matter." The case deals
with a large number of deeds of different lots, covering a period
of more than one hundred years, conveying flats as well as up-
land, sometimes referring to plans that have been lost, and
running lines, and referring to monuments which were not
visibly marked. It is impossible now to locate some of these
lines and boundaries with accuracy. The judge has made his
decision depend upon the construction of two mortgages which
were foreclosed, and through which the petitioner derives its
title. One of these mortgages was made in 1854 and the other
in 1876. The ruling as to the construction of these mortgages
and the finding as to what passed under them, on which the de-
cision depends, were not appealed from, either as to the law or the
facts. While the matter upon this record may not be entirely
clear, as we understand it, the finding of the jury as to the loca-
tion of the Vinal-Jenkins line under the deed of 1806, if made
and reported back to the Land Court, would have no bearing
upon the decision, which rests entirely on the construction of
the two mortgages. Were we to pass upon this bill of excep-
tions in the second case, the decision of the Superior Court in
dismissing the appeal on the ground that the issues were imma-
terial, would seem to be correct. But our decision, sustaining
the exceptions to the exclusion of evidence as to the time of the
entry of the appeal and the filing of the papers, requires that the
appeal in this case be dismissed as not seasonably entered.

> *Last order of the Superior Court affirmed; exceptions to
> the order dismissing the appeal in the first case sus-
> tained; exceptions to the order excluding evidence that
> the appeal in the second case was not seasonably en-
> tered sustained.*