(96 South. 532)

No. 25126.

## GODCHAUX SUGARS, Inc., v. LEON BOUDREAUX & BROS.

(April 2, 1923. Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*.

1. **Judgment ☞772—Takes effect against third persons from filing and not from recording.**

Under Act. No. 215 of 1910, acts or written instruments importing mortgage or privilege, such as judgments, are effective against third persons from the time of filing, and not from the date of recording.

2. **Judgment ☞772—Mere deposit with clerk not a "filing" within statute as to time of taking effect.**

Mere deposit of instrument, such as judgment, with clerk to be recorded, without being stamped with clerk's filing mark, is not a "filing" within Act No. 215 of 1910, as to time of taking effect, especially when deposit was made in court room, and not in clerk's office.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, File.]

3. **Judgment ☞784—Rank concurrently when it does not appear which was filed first.**

When it is not shown which of three judgments rendered by default on the same day was first filed by the clerk, they should be treated as filed simultaneously and must rank concurrently in surplus proceeds on foreclosure of mortgage.

4. **Appeal and error ☞170(2)—When issue of constitutionality not raised below, it will not be considered.**

Where no issue as to the alleged unconstitutionality of a statute was raised in the pleadings or presented to the district court, the Supreme Court cannot consider the question.

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice E. Edrington, Sr., Judge.

Suit by Godchaux Sugars, Inc., against Leon Boudreaux & Bros. and others, in which certain creditors of the defendants intervened. From a judgment in favor of certain interveners, plaintiff appeals. Reversed, and judgment rendered.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

Edward Dinkelspiel, of New Orleans, for appellees.

ROGERS, J. Plaintiff, as a mortgage creditor of defendants, upon their default at the maturity of the obligation, caused executory process to issue against the mortgaged property, which was seized, advertised, and sold. Prior to the sale Leon Boudreaux, one of the defendants, filed an intervention and third opposition, claiming a homestead on a portion of the property seized, and praying for a separate appraisement and sale thereof. By agreement between counsel for the respective parties the property was allowed to be sold as a whole, the sheriff being authorized to retain $2,000 out of the proceeds to respond to the homestead claim. The proceeds of the sale, after the liquidation of the mortgage debt and costs, resulted in a balance of $2,057.70 which was held by the sheriff subject to the orders of the court.

Pending the seizure of the property, and prior to its sale, certain ordinary creditors of the defendants proceeded against them, and three of these creditors reduced their claims to judgments. These judgments were in favor of McCloskey Bros. for $401.47, Kohlman Bros. & Sugarmann for $154.03, and the Godchaux Sugars, Inc., plaintiff herein, for $4,164.57. The judgment in favor of the Godchaux Sugars, Inc., was wholly unrelated to the mortgage indebtedness in its favor, being obtained upon a claim for an open account due to said company by the defendants.

These three judgments were rendered seriatim by default at motion hour on the same day in the district court for the parish of St. Charles, and they were subsequently recorded on the same day in the mortgage records of the parish, the judgment in favor of McCloskey Bros. being inscribed first, that of Kohlman Brothers & Sugarmann second, and

that of Godchaux Sugars, Inc., third, but each immediately following the other.

All of these judgment creditors intervened in the foreclosure proceedings and opposed the homestead claim of Leon Boudreaux. These oppositions were maintained, and Boudreaux's homestead claim was rejected, and, as he did not appeal from this judgment, it thus left in the hands of the sheriff $2,057.77 to be distributed among the creditors entitled thereto. It is the distribution of this fund which has given rise to the present litigation.

McCloskey Bros. and Kohlman Bros. & Sugarmann contend that, inasmuch as the judgments in their favor were rendered, signed, and entered upon the minutes of the court and were actually filed with the recorder of mortgages for the parish of St. Charles, and by him inscribed in his mortgage book prior to the judgment in favor of Godchaux Sugars, Inc., they should be paid by preference and priority over the latter company. If this contention prevails the judgment creditors advancing it will receive the amount of their respective judgments, principal, interest, and costs, in full, while the judgment of the other creditor will be only partially satisfied.

The Godchaux Sugars, Inc., on its part, contends that the three judgments should be treated as having been rendered signed, entered, filed, and inscribed simultaneously, and accordingly that they should be ranked concurrently and should share proportionately in the proceeds in the hands of the sheriff. If this contention prevails, it will materially reduce the recovery under the judgments of the other two creditors, as the amounts of their judgments are considerably less than the judgment in favor of Godchaux Sugars, Inc.

The district court took the view that the judgments should be paid in the order of their recordation in the mortgage records, and accordingly rendered judgment decreeing that the claims of McCloskey Bros. and Kohlman Bros. & Sugarmann be satisfied in full, and that the remainder of the fund in the hands of the sheriff be then paid over to the Godchaux Sugars, Inc. From this judgment the Godchaux Sugars, Inc., has appealed.

[1] The law governing the issues involved in this case is to be found in Act No. 215 of 1910, which reads, in part, as follows:

"All acts or instruments of writing which import mortgage or privilege shall when deposited with the recorder of mortgages for record be immediately indorsed by him with the date, hour and minute of filing; which indorsement shall be recorded with the registry of such instrument. * * * All such instruments shall be effective against all persons from the time of their filing."

It is apparent, from a mere reading of the statute, that it is not from the date of recording, but from the time of filing, that the instrument becomes effective against third persons.

The evidence shows that the judgments of McCloskey Bros. and Kohlman Bros. & Sugarmann were rendered immediately prior to the judgment of the Godchaux Sugars, Inc., and that the attorney of McCloskey Bros. and of Kohlman Bros. & Sugarmann requested the clerk of court to record said judgments in the order in which they were rendered ahead of the judgment in favor of Godchaux Sugars, Inc., which request, made in the courtroom, and not in the clerk's office, was complied with. The evidence, however, does not establish which of the judgments was signed first and delivered to the clerk first, nor does it establish which of the judgments was the first to receive the imprint of the filing mark in the clerk's office. The clerk of court was the only witness called to the stand, and he testified that when court adjourned he brought the judgments downstairs, the courtroom being upstairs, to the recorder's office, and proceeded to file them for record, although he was unable to state which judgment was stamped first, it not ap-

pearing that he had indorsed on each instrument the hour and minute of its filing. In the transcript of his testimony appears the following:

"By the Court:
"Q. Did you file them [the judgments] in order of their rendition?
"A. My filing stamp is in the office downstairs, and when I come down from court I stamp the filing mark on the records, but do not remember which was stamped first."

[2] Appellees contend that, while it is true the clerk of court did not actually indorse on the judgments the minute and hour of recording, which is the requirement of the statute, "yet, inasmuch as the record does show that the same were filed and deposited with him in the order named," their judgments should be ranked above the judgments of the appellant. Under this contention appellees would construe the words "deposited" and "filed" as meaning one and the same thing, and therefore that the mere "depositing" of a document with the clerk of court, even if it be outside of the precincts of his office, is equivalent under the statute to the filing of that document in his official records.

The answer is, in the first place, that it is not definitely shown by the record which of the three judgments in question was first deposited with the clerk; in the second place, the deposit was made with the clerk in the courtroom, and not in the clerk's office, where mortgage records are kept; and, in the third place, the mere deposit of an instrument with the clerk to be recorded does not constitute the "filing" of the instrument under the statute.

Delivering an instrument to the proper officer at a place other than the office where it is required to be filed is not sufficient, even though the officer indorse it as properly filed. Schulte v. Bank, 34 Minn. 48, 24 N. W. 320; Edwards v. Grand, 121 Cal. 254, 53 Pac. 796.

"It is not enough for a person holding a mortgage or privilege to deposit the acts to be recorded with the recorder of mortgages; he must see that they are recorded." White v. Bank, 6 La. Ann. 162.

In the last-cited case the court had under consideration the provisions of the law by virtue of which the "recording" of the instrument operated against the claims of third persons, while in the instant case, under the terms of the statute, it is the "filing" of the document which gives it force against the world, and the "filing" is an accomplished fact when the "date, hour, and minute of filing" is indorsed on the instrument. In effect, the cases are similar and the legal principles governing the one are applicable to the other. The case of White v. Bank, supra, was cited with approval in Ford v. Brooks, 35 La. Ann. 151, and Grunow v. Menge, 36 La. Ann. 927.

[3] As it is impossible from the state of the record for this court to determine which of the three judgments in conflict herein was first filed by the clerk of court, manifestly the only equitable decree which can be rendered is one holding that the judgments were filed simultaneously and must be ranked concurrently against the proceeds in the sheriff's hands.

[4] It is suggested in the brief of the learned counsel for the appellant that Act No. 215 of 1910 is unconstitutional as having been enacted in violation of the provisions of article 186 of the Constitution of 1913, but no such issue was raised in the pleadings or presented to the district court, and this court cannot now consider it. Murphy v. St. Mary Parish, 118 La. 401, 42 South. 979; Saint v. Martel, 127 La. 73, 53 South. 432.

For the reasons assigned, the judgment appealed from in so far as it decrees that McCloskey Bros. and Kohlman Bros. & Sugarmann are entitled to receive the sums of $401.47 and $154, respectively, with interest thereon, by preference and priority over the claim of Godchaux Sugars, Inc., be set aside,

and it is now ordered, adjudged, and decreed that the claim of McCloskey Bros. for $401.47, the claim of Kohlman Bros. & Sugarmann for $154, and the claim of Godchaux Sugars, Inc., for $4,164.57 rank concurrently against the sum of $2,057.70, resulting from the foreclosure proceedings herein and now in the hands of the sheriff of the parish of St. Charles, and that said fund be distributed to the said claimants proportionately in accordance with the amounts of their said respective claims, and that appellees pay all costs.

OVERTON, J., concurs in the decree.