284 P.2d 211

Clifford TAYLOR, Plaintiff,

v.

Clarence W. VIA, H. H. Via and National Surety Corporation, a Corporation, Defendants (Appellees),

General Electric Supply Company, a Delaware Corporation, Intervener (Appellant).

No. 5828.

Supreme Court of New Mexico.
May 26, 1955.

Hannett & Hannett, Albuquerque, for appellant.

Seth & Montgomery, Santa Fe, for appellees.

LUJAN, Justice.

This is an action by the General Electric Supply Company, as intervener, on

a bond executed by the National Surety Corporation, as surety for the faithful performance by the contractor of a contract for the construction of a research laboratory building at the New Mexico School of Mines in Socorro, New Mexico, which obligated the surety for the payment of all lawful claims of subcontractors, materialmen and laborers.

The intervener (appellant) had furnished materials which were used in the building under the contract and for which Clifford Taylor, subcontractor, owed the sum of $6,698.21. But, notwithstanding the validity of the debt, the statute also provides as a condition precedent, that to obtain the benefits of the surety bond, the claimant shall file with the obligee named in the bond a written notice or statement of his claim within ninety days after furnishing the last item of materials or supplies. Section 6–514 of 1941 Compilation, reads as follows:

"Serving notice of claim.—No action shall be maintained on such bond unless within ninety (90) days after performing the last item of labor or furnishing the last item of materials or supplies, the claimant shall file with the obligee named in said bond a written notice or statement specifying generally the nature and amount of the claim and the date of performing or furnishing the last item thereof, nor unless the action is begun within one (1) year after the filing of such notice or statement with the obligee, nor unless, at least thirty (30) days before commencing said action, the claimant shall serve upon the surety named in said bond a written notice or statement specifying generally the nature and amount of the claim and the date of performing or furnishing the last item thereof, and that said account has not been paid."

This case comes to us for review upon a partial transcript of the proceedings. The case was submitted to the lower court on an agreed stipulation of facts, which is:

"Mr. Montgomery: For the purpose of the legal arguments which are about to follow, and limited to that purpose, it is stipulated and agreed between the parties, that on and shortly after December 29th, 1949, James H. Russell, of Santa Fe, New Mexico, was the President of the Board of Regents of the New Mexico School of Mines, the obligee named in the Bond herein sued upon. That the Board of Regents consisted of other members, including a Secretary of the Board; that T. M. Cramer of Carlsbad, New Mexico, was the Secretary of the Board; that the Board records, under the control of the Secretary, were regularly kept at Socorro, at the of-

fice of the School of Mines; that at said time, and all times material, for the purpose of this argument and stipulation, the said James H. Russell was the same party who had executed the Bond herein sued upon, as attorney in fact for the National Surety Corporation, and Mrs. Via, and that there had been no written revocation of the authority granted in the Bond, and accompanying documents, and that said Bond, at the time of the filing of this suit, was in full force and effect. * * *

"Mr. Hannett: Your Honor, in connection with where the records in this particular job were kept by the Secretary, I am not in a position to assume, for the purpose of this argument, that the records—all of the records were kept by the Secretary of the Board, or whether the President kept some of them with him.

"The Court: In Santa Fe, you mean?

"Mr. Hannett: Yes.

"Mr. Montgomery: There is a Statute on it, Sec. 7–107. (Statute read.) I was just stating what the law was, I didn't need to.

"Mr. Hannett: Irrespective, the President could have kept records with him. There were offices—The President would have some files. Whether or not he would keep them all at Socorro—but whether or not that is material to the particular argument, as to where the records were kept— (Interrupted)

"The Court: But you wouldn't stipulate as to that?

"Mr. Hannett: As to where the records were kept. I will go to the rest of it, but not as to where the records were kept.

"Mr. Montgomery: Well, the Court can take judicial notice of where the records are required to be kept.

"The Court: You will stipulate to all the other?

"Mr. Hannett: All but the records because I don't know where the records—(Interrupted)

"The Court: After I hear the argument, maybe the law is stipulated for you, on that. I don't know. This has some aspects of the game of Prisoner's Base, but I am going to approve the stipulation, and I will hear argument."

At the conclusion of arguments by counsel the court said:

" * * * The Court: The Court has heard the able arguments of counsel, and considered the stipulation. It now holds that the letter of December 29th,

1949, signed by the Intervener's District Credit Manager, and addressed to James H. Russell Agency, in Santa Fe, New Mexico, is not a filing with the obligee named in said Bond, a written notice or statement, specifying generally, the nature and amount of the claim, and the other items required by Sec. 6–514, N.M.S.A., 1941. That is it."

Thereafter the court entered an order dismissing the intervener's complaint against the defendants Clarence W. Via, H. H. Via and National Surety Corporation, hence this appeal.

The New Mexico School of Mines, of which James H. Russell is President of the Board of Regents, was created by Article 12, § 11, of the State Constitution as a state educational institution with its location at Socorro, New Mexico.

Under § 55–2602 of 1941 Compilation, the management and control of the above institution is vested in a board of regents whose duty is to keep all books and records in their official office.

Section 7–107 of 1941 Comp. provides that:

"It shall be the duty of every state and county official and employee, and the officials and employees of *every state and county institution* * * * to keep *all* the books, records and accounts in *their respective offices* * * *." (Emphasis ours.)

The question which lies at the threshold in the decision of this case is whether a notice of claim was filed with the obligee named in the bond within contemplation of law.

On December 29, 1949, the District Credit Manager of intervener addressed and sent a letter to the James H. Russell Agency in Santa Fe, New Mexico, of which James H. Russell is the president, notifying him that the account of the Taylor Electric Shop of Los Lunas, subcontractor, was overdue and payable.

When § 6–514, supra, speaks of filing a written notice or statement of claim with the obligee named in the bond, it means distinctly that it is to be filed with him at his official office and nowhere else.

We said in Nations v. Lowenstern, 27 N.M. 613, 618, 204 P. 60, 61, that:

"The word 'filing' itself imports some degree of permanency. To file an instrument is to present it to the proper officer to be kept as an archive of *his office*. The instrument is to be permanently preserved as a public record." (Emphasis ours.)

See, also, Gallagher v. Linwood, 30 N.M. 211, 231 P. 627, 37 A.L.R. 664.

In re Lance, 55 Misc. 13, 106 N.Y.S. 211, 215, 216, it is said:

"The sole object of filing is to deposit the *document in a public place, so that it may be seen and examined*

*by any person interested.* It is thereby made a public record. There are numerous decisions in this and other states to the effect that there can be no filing of a paper *in a legal sense,* except by its delivery to an official whose duty is to file papers and who is required to keep and maintain an office or other public place for their deposit, and that the paper must either be delivered personally to such officer, with the intent that same shall be filed by him, *or delivered at the place where the same should be filed."* (Emphasis ours.)

Under the provisions of § 6–514, supra, the contractor or the surety on his bond, if they desire to know whether any claims have been filed, under which they would be liable, would be entitled to examine the records in the office where such papers are to be filed to ascertain whether any claims had been filed within ninety days of the furnishing of the last item of materials or supplies. If they find no claims filed there, no duty devolves upon them to extend their inquiry to see if a notice of claim had been filed in some other office, and they might safely neglect to concern themselves further with regard to such matter.

We are of opinion and so hold that mailing the above letter to James H. Russell, obligee, at a place other than the office where it is required to be filed is not a compliance with the statute, and insufficient See Hoyt v. Stark, 134 Cal. 178, 66 P. 223; Schulte v. First Nat. Bank, 34 Minn. 48, 24 N.W. 320; In re Norton, 25 Misc. 48, 53 N.Y.S. 924; Brelsford v. Community High School District, No. 36 of Pulaski County, 328 Ill. 27, 159 N.E. 237; Godchaux Sugars, Inc., v. Leon Boudreaux & Bros. 153 La. 685, 96 So. 532; Old Colony St. R. Co. v. Thomas, 205 Mass. 529, 91 N.E. 1006; Edwards v. Grand, 121 Cal. 254, 53 P. 796; Fidelity & Deposit Co. of Maryland v. Herbert H. Conway, Inc., 14 Wash.2d 551, 128 P.2d 764.

We have gone carefully through all questions in the case, but it is unnecessary, in the view we have taken, to remark upon them. The judgment is affirmed.

It is so ordered.

COMPTON, C. J., and SADLER and KIKER, JJ., concur.

McGHEE, J., not participating.