REDMANN, Chief Judge.
Peoria Tractor and Equipment Company appeals from the dismissal of its claim of ownership of two pieces of equipment sequestered by the sheriff in this suit by a lessor for rent.
The question is whether, by a post-sequestration “act of correction and amendment” that “deleted and eliminated” it from an earlier credit sale of 14 pieces of equipment by Peoria to defendant, Peoria became again the owner of the sequestered equipment, insofar as the seizing lessor is concerned.
The answer is that it did not. No transfer of ownership of movables is effective against third persons except “when the *588 possession of the movable is delivered to the transferee,” C.C. 518, and possession was not delivered to Peoria.
The “act of correction” attempted a giving in payment, the “givpng] a thing to a creditor, who is willing to receive it, in payment of a sum which is due.” C.C. 2655. It did not purport to be a sale, C.C. 2456 (because it had no price), nor a rescission of the earlier sale for nonpayment of the price, C.C. 2561 (because it did not rescind the entire sale, nor return the $30,-000 part of the price already paid — which is also why Peoria’s intervention to claim ownership cannot be construed as an action to rescind for nonpayment). Although a sale is perfect between the parties without delivery, this attempted transfer, as a giving in payment, was not even effective between its parties. “The giving in payment differs from the ordinary contract of sale in this, that the latter is perfect by the mere consent of the parties, even before the delivery, while the giving in payment is made only by delivery.” C.C. 2656.
C.C. 518’s requirement of delivery for the effectiveness against third persons of the transfer of ownership of movables (analogous to recordation for sales of im-movables) is dispositive of this case. A lessee cannot, in respect to the seizing lessor, effectively transfer ownership of a movable that the sheriff has seized in enforcement of the lessor’s privilege, because the lessee does not have and therefore cannot deliver possession of the movable. Under those circumstances, a purported transferee can never become the owner and therefore cannot assert the right of an owner under C.C. 2707 to defeat the lessor’s privilege.
The ranking of the lessor’s privilege with a chattel mortgage in favor of Peoria was not raised by Peoria’s pleadings. It was also not “tried by express or implied consent of the parties,” C.C.P. 1154, for neither party made any effort to prove the determinative fact, that is, the time that the equipment was placed upon the leased premises. The trial judge himself noted twice during trial that the only issue in this proceeding is ownership, and his judgment does not mention ranking. His reasons for judgment, however, express the view that the lessor’s privilege outranks the mortgage. That view is quite doubtful on this record, and we do not, by our affirmation of the judgment, affirm that ranking view. If Peoria has a chattel mortgage, the record does not show whether it outranks, or is outranked by, the lessor’s privilege.[1]
Affirmed.

. R.S. 9:5354A ranks a chattel mortgage before any preference arising after its recordation. A lessor’s privilege arises, in C.C. 2705’s words, once the thing is "found on the leased premises." Youree v. Limerick, 157 La. 39, 101 So. 864 (1924). Several record documents, beginning with Peoria's credit sale and mortgage, hint at the equipment's location but none fixes the date it was placed on the leased premises. On this record, neither mortgagee nor lessor has established that it outranks the other and the consequence may be that they rank concurrently. See C.C. 3188; Godchaux Sugars, Inc. v. Leon Godchaux & Bros., 153 La. 685, 96 So. 532 (1923).
There are several other evident issues untried. One is the extent of the lessor’s privilege, both as to claims secured (unloading charges?) and amount of rent owed (the lessor’s default judgment against defendant not being res judicata against Peoria). Another, perhaps not grave, is the chattel mortgage's description with wrong serial numbers (see Smith v. Bratsos, 202 La. 493, 12 So.2d 245 (1942)). Another is whether the act of correction constituted a partial release of the mortgage. (If the “act of correction” is not effective in respect to the lessor as a transfer, perhaps it ought not be effective in respect to the lessor as a mortgage release. Theoretically, an effective retrocession would itself extinguish the mortgage by confusion, and ineffectiveness of the retrocession would both deprive the release of cause and terminate the extinction of the mortgage by confusion. See Planiol, Civil Law Treatise (La.Law Inst. trans.) 2, § 602; compare C.C. 3409. Yet a mistaken release by the mortgagee is effective in favor of one who relies upon it, McL Development Co., Inc. v. Pyburn, 268 So.2d 296 (La.App. 2 Cir.1972). Plaintiff lessor, however, did not rely on the release.)
In sum, ranking between lessor and chattel mortgagee is too complicated to be fairly ruled upon in this proceeding.