### WILLIAMS vs. HAGAN & CO.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A notarial act has no effect against third persons but from the date of its registry.

This was an action to rescind the sale of certain slaves, made to the defendants by one Kimball. It appeared from the testimony, that the plaintiff sold the slaves to Kimball in the State of Mississippi, on the 8th of September, 1828. Kimball paid a part of the price, and gave a draft for the remainder which was protested. In the act of sale, it was stipulated that if Kimball failed to comply with his agreement, the bargain should be void, and that the act of sale should be left in the hands of a third person, until Kimball should produce the plaintiff's receipt for the whole of the purchase money.

The slaves were delivered to Kimball, who brought them to New-Orleans, and on the 19th of February, 1829, sold

Eastern District,
*December* 1830.

WILLIAMS
*vs.*
HAGAN & AL.

them to the defendants.—On the day after, they were attached in the possession of the defendants at the suit of the plaintiff.—It further appeared that Kimball was indebted to the defendants, and had absconded with the slaves from the State of Mississippi.

To establish the fact, that the defendants purchased with a knowledge of the circumstances, the plaintiff put to the defendants an interrogatory, requiring them to state whether they did not, previous to the 19th of February, 1829, receive a letter from the plaintiff, informing them that the slaves were supposed to have been run off by Kimball, and that he, the plaintiff, had a claim on them. The defendants answered, that they had some recollection of receiving such a letter, but having no acquaintance with the plaintiff, supposed it had been addressed to them by mistake. That they did not remember the contents, and that they purchased the slaves of Kimball without the knowledge of any claim upon them. The bill of sale from Kimball to the defendants, was not recorded until after the levy of plaintiff's attachment. The court below gave judgment for the defendants and the plaintiff appealed.

*Preston,* for appellant, contended :

1. By the bill of sale from Williams to Kimball, the latter acquired no title to the slaves in controversy, until payment of their price, and, therefore, could convey none.

2. Kimball concealed said slaves and absconded with them from the State of Mississippi—such a possession in the State of Louisiana can give him no right to dispose of them.

3. The defendants were warned of Williams' claim, and it was gross negligence on their part to forget it.

4. The sale was not recorded in the 'Register of Convey. ances' office, until after the attachment, and, therefore, the property in the slaves was not transferred as to third persons.

*Moreau's Digest,* 2d vol. *p.* 305, *sec.* 5.  *Martin's Digest,*
  3d vol. *p.* 140, *sec.* 7.

*Pierce* contra.

1. By the bill of sale from Williams to Kimball, the latter had transferred to him the property of the slaves in the State of Mississippi, and paid one half the price, and there was no condition suspending said transfer of property.

2. Kimball's running off with the slaves and the rest of his property from the State of Mississippi, has nothing to do in the controversy.

> *Kenny et al.* vs. *Dow.* 10*th Martin* 577.—*Miles* vs. *Oden et al.* 8*th Martin, N.S. p.* 214.

3. The defendant's answer shows they had no warning, and there was no fraud.

4. The slaves were delivered to the defendants, and put in possession of a third person for them.

5. It is shown there have been mortgages to the defendants in the State of Mississippi, given to them by Kimball which has nothing to do with the present case.

6. The registry was in the usual time—but the plaintiff is not the third person in contemplation of the law.

> *Doubriere* vs. *Grillier's syndic,* 2 *Martin, N. S. p.* 171, 6 *Martin, N. S. p.* 325.

This is a suit to set aside the conveyance from Kimball. This cannot be done without making Kimball a party.

*Martin J.* delivered the opinion of the court.

The plaintiff states that he attached several slaves, the property of Kimball, his debtor, and that the defendants pretending to be the owners of them, prevailed on the sheriff to surrender them. The petition concludes with a prayer, that the defendants be desired to return them to the sheriff to be proceeded on, on the plaintiff's attachment.

The general issue was pleaded. There was judgment for the defendants, and the plaintiff appealed.

In this court, the appellee's counsel has endeavoured to shew title to the slaves under Kimball, and has produced a notarial act of sale—that by a bill of sale from the plaintiff to

Kimball, the latter had the property of the slaves transferred to him, in the State of Mississippi, having paid one half of the price, and the act contains no suspension of the transfer of the property—that Kimball running off with the slaves and all the rest of his property from that State, cannot affect the right of his vendees—that the evidence shows the latter had no knowledge of this, and acted without fraud—that the slaves were delivered to them, and placed in the possession of the persons in whose hands they were attached. The plaintiff, as to these slaves, is not a *third person* in the contemplation of the law. That the present is a suit to set aside a sale by Kimball, who is no party to the suit.

On the part of the appellant, it is contended that the appellees acquired no right, as to third persons, by the notarial act of sale, because it was not registered, after the attachment was actually levied on the slaves. 2 *Moreau's Digest,* 303 *sec.* 5.

It is clear the defendants and appellees can have no title, except that which result from their notarial act, and that does not give any as to *third persons,* but from the date of its registry. The plaintiff and appellant are such persons who have obtained a lien by attachment, with respect to the act of sale : " Third persons, with regard to a contract or judgment are all who were not parties to it." *Civil Code,* 3522, *n.* 32.

Finally, the appellee's counsel says that a vendee must have a reasonable time to register his act of sale ; that it was executed on the nineteenth of February, 1829, and the slaves were attached on the twentieth at noon—nothing on the record shews the date of the registry—and the appellees have not in any manner accounted for the delay. There was surely time to have had the act registered, as it was passed in the city in which the register's office is kept. Whether on a proper case being made out, we could relieve a vendee, will be a proper matter of consideration when such a case will be presented to us.

*Eastern District, December* 1830.

WILLIAMS
*vs.*
HAGAN & AL.

A notarial act has no effect against third persons but from the date of its registry.

WILLIAMS
*vs.*
HAGAN & AL.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and proceeding to give such a judgment, as in our opinion ought to have been rendered below, it is ordered, adjudged and decreed, that the defendants surrender the slaves named in the petition, viz..: Aberdeen, Wiley and Cressey, to the sheriff of the parish of New-Orleans, to be by him dealt with according to law, and the process issued by the present plaintiffs against Kimball; the appellees paying costs in this and the court below.