## ADELAIDE MARY *v.* FRANÇOIS LAMPRÉ.

Where the name of a party forms a part of the commercial name of a partnership against whom a judgment has been obtained, it is, at least, *prima facie* evidence that he was a member of the firm ; and a *fi. fa.* levied on his property to satisfy the judgment, will be maintained, unless it be shown that he was not a member.

Under the 5th section of the act of 2th of March, 1827, creating the office of Register of Conveyances for New Orleans, a sale of real estate can have no effect against third persons, but from the date of its registry ; and where a judgment against a vendor was recorded by the Register of Mortgages, before the registry in the conveyance office of the sale from him, the sale will be without effect as to the judgment creditor ; and this, though a sale of the same property, from the first vendee to the plaintiff, was registered before the judgment was recorded.

Mary v. Lampré.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Canon*, for the plaintiff.

*Soulé* for the appellant.

MARTIN J.   Lampré is appellant from a judgment perpetuating an injunction obtained by the plaintiff, to prevent the sale of a lot of ground which she claims as her property, to satisfy a judgment in favor of the appellant against Kokernot & Co ; the District Court, having been of opinion that the evidence did not show who were the members of the firm against whom the judgment was obtained, or that Louis Kokernot, the plaintiff's vendor, was one of them.   The grounds upon which the judgment of the District Court rests, have not been urged by either party in this court.   Indeed, they do not appear to us tenable.   Louis Kokernot is at least, *prima facie*, one of the defendants in a judgment obtained against Louis Kokernot & Co. ; and on a *fi. fa.* issued on such a judgment, the Marshal can well seize a lot which appears on the records of the Register of Conveyances to have been acquired by Louis Kokernot, and does not appear to have been alienated by him.   The plaintiff contends that she is the owner of said lot, which she shows to have been purchased by her from Morgan, to whom it was sold by Bertrand, who had bought it from Kokernot.   She shows that the sale from Bertrand to Morgan, and that from Morgan to her, have been duly recorded in the office of the Register of Conveyances.   But the defendant shows, that the sale by which Kokernot acquired the lot was duly recorded ; that no sale from Kokernot was recorded until the 20th of November, 1839, at which time the mortgage resulting from the record, by the Recorder of Mortgages, of the defendant's judgment against him, gave him a mortgage on the lot ; consequently, as to the defendant, Kokernot was the owner of the lot on the 11th of December, 1838, when the judgment against him was recorded.   Till then, his sale to Bertrand had no effect against the defendant, who was a third party.   The judicial mortgage then bore on the lot, and was not destroyed by the subsequent record of Kokernot's sale to Bertrand, registered on the 20th of November, 1839, nearly one year after ; nor by the registry of Bertrand's sale to Morgan, and that of Morgan to Rey, although the first of

these was registered a few days before the judgment ; because Bertrand's title did not ripen until that of his vendor was divested, a circumstance which did not happen until a long time after the record of the judgment had affected it with a judicial mortgage.

It is, therefore, ordered and decreed that the judgment be annulled and reversed ; that the injunction be dissolved ; and that the appellant recover from the appellee damages at the rate of five per cent on the amount of the judgment, the execution of which has been enjoined, with interest at the rate of five per cent, and the costs in both courts.

---

SAME CASE—APPLICATION FOR A RE-HEARING.

GARLAND J.   This is a hard case upon the plaintiff, and we have re-examined it with an earnest desire to grant relief, if the law would permit us to do so ; but the 5th section of the act of the Legislature creating the office of Register of Conveyances for the city of New Orleans, appears so peremptory, that we cannot disregard its positive provisions.   The statute was made for the protection of innocent third persons, and is one of public utility.   It says, that "said acts, whenever they are not registered agreeably to this law, whether they are passed before a Notary Public or otherwise, shall have no effect against third persons, but from the day of being registered."   B. & C.'s Dig. 603.

In this case Lampré obtained his judgment against Louis Kokernot & Co., had it recorded, and an execution issued and levied on the premises in question, previous to the registry of the sale from Louis Kokernot to Bertrand.   His lien on the property had attached and become vested, and we cannot deprive him of it, however severely it may operate on the plaintiff.   The case of *Williams* v. *Hagan, &c.,* 2 La. 122, is nearly similar to this ; and the principle is sustained by that of *The Syndic of McManus* v. *Jewett,* 6 La. 540.

The counsel for the plaintiff contends, that his client should not suffer from the neglect of the Notary to have the act passed, before

him, recorded. Upon this point all we can say is, that if it were the duty of the Notary to have the act recorded, and he has failed to do so, and damage has resulted, the parties must look to him. Lampré cannot be deprived of his right acquired in consequence of his neglect, and be made responsible. He has done what the law authorized him to do, and he is entitled to the benefit of it.

The counsel further insists upon the reason given by the Parish Judge for maintaining the injunction ; that is, that there is no proof that Louis Kokernot was a member of the firm of Louis Kokernot & Co. We do not well see what that has now to do with the question. It was not denied in the petition for the injunction, and was in no manner an issue between the parties. No evidence was taken in relation to it by either party. It is hardly to be believed that if he were not a partner, the objection would not have been stated in the petition, or on the trial.

It is ordered that the judgment remain undisturbed.