## RACHEL GRADENIGO v. HENRY WALLETT.

Notarial acts relative to immoveable property, will be without effect as to third persons, unless duly recorded in the manner prescribed by sect. 7 of the act of 24th March, 1810.

APPEAL from the District Court of St. Landry, *King*, J.

*Martin*, for the plaintiff.

*Swayze* and *Lewis*, for the appellant.

GARLAND, J. This suit is for the recovery of a house and lot, in the town of Opelousas. The plaintiff claims under an act of sale passed before a notary public on the 24th of May, 1842, by Jno. P. Satterwhite, who owned the property, for the sum of five hundred dollars, cash, paid by her to him. The defendant sets up title, by virtue of a seizure made by the sheriff of St. Landry, under an execution in favor of W. C. Auld, against Scott & Satterwhite, made on the 22nd July, 1842, and a sale by the sheriff on the first Saturday in October of the same year, which was the first day of that month, as appears by the date of the twelve months' bond, given by the defendant. The deed from the sheriff, is not dated until the 13th of October, 1842, and it was recorded the next day. The act of sale from Satterwhite to the plaintiff, was not presented at the office of the Parish Judge for registry, until the 5th of October, 1842, several days

after the adjudication by the sheriff of the property in dispute.

The defendant, and Auld, the plaintiff in the execution under which the seizure and sale was made, (who has been cited in warranty,) answer by denying any right or title in the plaintiff; they aver that the sale from Satterwhite to her is fraudulent and collusive; that it was made without consideration, and for the purpose of defrauding his creditors, particularly said Auld; and further, that it was not legally recorded in the judge's office until after the seizure and adjudication to the defendant, wherefore it has no effect as to them.

The evidence shows, that Auld, the judgment creditor, is a resident of the city of New Orleans. He had a regular judgment and execution against Satterwhite, who is shewn to have been much embarrassed at the time, if not absolutely insolvent. The sale from him to the plaintiff, was passed in the interim between the service of the citation at the suit of Auld, and the rendition of the judgment. It purports to be for cash, yet the notary says that no money was paid in his presence; nor does the plaintiff attempt to prove that she ever paid any thing, or that Satterwhite was indebted to her in any sum. The sheriff, in his return, says, that when he seized the property, the house was not occupied by any one. In his testimony on the trial, he says that after he had seized the house and lot, and while making out a notice of seizure, the plaintiff called on him and said that the property belonged to her, but that she did not exhibit any deed of sale, nor say where her sale was, or any thing about it, so far as the record informs us; nor did she attempt to arrest the sale, or attend it to give notice of her claim. Besides all which, at the time the sale was made, it was proved that the plaintiff was herself in an embarrassed situation, there being two judgments against her, which she could not then pay, and had not fully paid at the time of the trial. At the time of the seizure, it is proved that the plaintiff, or her attorney, had the key of the house in possession; but it does not appear that either so informed the sheriff, previous to the sale, nor does it appear, that either he, or Auld, knew any thing of the sale to her. The defendant, in answer to interrogatories, says that he knew nothing of it; that he had heard that the plaintiff had the

renting of the house, and he had tried to rent it from her; but that he did no know that she claimed it as owner.

Since the suit was instituted, the plaintiff has sold and transferred all her rights and claims to one Lucien Donatto, who has intervened, set up his claim, and prays to prosecute the case and have a judgment in his favor; which intervention was admitted, and a judgment rendered decreeing the property to be his. The defendants have appealed.

We deem it unnecessary to go into the question of fraud and collusion raised by the defendants; and it is probable, that had the sale from Satterwhite to the plaintiff been duly recorded, or the possession of the property been so open and public as to put parties on their guard, that it could not be inquired into in this form of action, but that Auld would have been compelled to resort to the revocatory action. But as the case stands, we think the non-registry of the act of sale from Satterwhite to the plaintiff, previous to the seizure and adjudication by the sheriff, is fatal to her claim. This court has more then once said, that the act of 1810, relative to the recording of notarial acts, (B. & C. Dig. 595–596,) was not repealed by the Code, nor by any subsequent provision of the Legislature. The 7th section of that act says, that "no notarial act concerning immoveable property, shall have any effect against third persons, until the same shall have been recorded in the office of the Parish Judge, where such immoveable property is situated." This provision seems to be clear, and has been acted on in several cases. 7 Mart. N. S. 662. 2 La. 125. 4 La. 241. It may, therefore, be considered as settled, that acts of sale have no effect against third persons unless legally recorded. 11 La. 490. The obligation imposed by law, to record all titles relating to immoveable property, is not burdensome in itself, and contributes so much to the public good, the security of titles, and the suppression of fraud, that we are disposed to adhere rigidly to it.

The judgment of the District Court is, therefore, annulled and reversed, and ours is in favor of the defendants, with costs in both courts.