## Crear v. Sowles.

Acts of transfer of immovables, whether passed before a notary or not, have effect against third persons only from the time of their registry in accordance with the stat. of 20 March, 1827. The stat. of 26 January, 1838, making it the duty of notaries in New Orleans to cause to be registered in the conveyance office all acts passed before them, which by law ought to be so registered, does not exempt the party to whom the immovable is transferred from the duty of seeing that it is so registered; that statute may give him recourse against the notary, but does not affect his rights as against third persons.

| | |
|---|---|
| 2 | 597 |
| Case 2 | |
| 125 | 160 |
| 125 | 161 |
| 125 | 164 |
| e125 | 168 |

CREAR
v.
SOWLES.

APPEAL from the Fifth District of New Orleans, *Buchanan*, J.

*Elwyn*, for the appellants, cited stats. of 20 March, 1827, and 26 January, 1838. *McManus* v. *Jewett*, 6 La. 530. *Planters Bank* v. *Allard*, 8 Mart. N. S. 136. *Hagan* v. *Williams*, 2 La. 122. *Doubrere* v. *Grillier*, 2 Mart. N. S. 171. Grenier, Hypothèques, 1 part. ch. 1, sec. 2, § 2.

*T. J. Lacy* and *Preston*, for the defendant.

The judgment of the court was pronounced by

ROST, J. On the 11th of April, 1845, the plaintiff purchased by notarial act from *Michael Glassgow*, a house and lot situated in this city. The sale was not registered in the office of the register of conveyances till the 5th of July of that year. On the 2d of July, three days before the registry, the defendant, being a creditor of *Glassgow*, caused the house and lot to be attached as his property, and, after obtaining judgment against him, had them advertised to be sold. The plaintiff enjoined the sale, alleging the foregoing facts, and farther that his act of sale was not registered before, through the neglect of the notary, who had promised to attend to the registry, and had received the fees to be paid to the register.

The defendant took a rule upon the plaintiff to show cause why the injunction should not be dissolved, on the following grounds: 1. The petition sets forth no good and sufficient cause why the writ should have issued. 2. The facts disclosed by the petition clearly show that, the defendant's lien by attachment is prior in point of time, and has preference to his pretended deed of conveyance. The court, after a hearing, dissolved the injunction with ten per cent interest on the amount enjoined, and fifty dollars as damages.

The plaintiff moved for a new trial, and supported his motion by an affidavit, alleging new matters. But the court adhered to its decision, and judgment was rendered accordingly, that the injunction be dissolved, and that the plaintiff and his surety pay, *in solido*, the interest and damages. The plaintiff and his surety have appealed.

The appellee exclusively relies upon the provision of the registry act of 1827, that acts of transfer of immovables not registered agreeably to law, whether they are passed before a notary public or otherwise, shall have no effect against third persons, but from the day of their being registered. For the appellants, it is contended that, in the case of *Hagan* v. *Williams et al.*, which involved the question at issue, the former Supreme Court intimated that a case might be made out, in which a vendee, situated as the plaintiff now is, would be entitled to relief, and that this is such a case. 2 La. 122.

We are unable to come to that conclusion. In this case, as in that, the purchaser has failed to account satisfactorily for the delay in making the registry. The act of 1838, requiring the notary to make it, did not dispense him from seeing that it was made. It probably gives him a recourse against the notary, but it does not affect the rights of an attaching creditor. Registry laws ought not to be so interpreted, as to enable third persons to commit frauds upon *bonâ fide* purchasers. But fraud is not alleged in this case. The fact of knowledge of the transfer by the defendant is not even put at issue, and is only mentioned in the affidavit made to obtain a new trial. If it had been, knowledge by itself is not a badge of fraud. The defendant may well have believed, as alleged in his answer, that the sale was simulated, and, if it was, he was justified in treating it as a nullity.                    *Judgment affirmed.*