## No. 1787.—H. A. LYONS v. H. A. CENAS.

22　113
f125　165

A proces verbal of the sale of real estate by the order of the probate court has no effect against third parties, or seizing creditors, until it is recorded or registered in the parish where the property is situated. Nor will an injunction lie to defeat the sale of property seized by a third party, unless the act of sale of the seized debtor has been registered in the parish before the date of the seizure.

APPEAL from Third District Court of New Orleans. *Emerson*, J. *Lacey, Marks & Butler*, for plaintiff and appellee. *Johnson & Denis*, for defendant and appellant.

HOWELL, J. The defendant having obtained a judgment against one James P. Bowman in the district court for the parish of West Feliciana and had it recorded in the mortgage office in New Orleans on the twenty-sixth of June, 1866, caused a *fieri facias* to issue thereon, and the undivided interest of said Bowman in certain real property in New Orleans to be seized. Whereupon the plaintiff herein enjoined the sale thereof on the ground that he was and is the owner of said property by virtue of a succession sale, made in West Feliciana, on the ninth of April, 1854, under an order of the court in said parish.

The answer pleads the general denial, admits the seizure, specially denies that said property ever belonged to the plaintiff, avers that it was acquired on the twelfth of May, 1840, by Mrs. E. P. Bowman, the mother of his judgment debtor, who, by the death of his said mother and his two sisters, became the owner of 11-48 of said property, which were seized under the execution enjoined, and if plaintiff ever purchased the said property as alleged, the sale thereof was not registered in the conveyance office in New Orleans up to the date of the seizure, and therefore there was no mutation of title so far as third persons are concerned. He prayed for the dissolution of the injunction, with damages. Judgment was rendered in favor of plaintiff, and defendant appealed.

The sole question to be decided is, whether or not the plaintiff is the owner of the property seized, as against the seizing creditor.

The proces verbal of the succession sale, under which he claims, was filed in the clerk's office, in West Feliciana, on the twelfth of April, 1855; but was not registered in the conveyance office, in New Orleans, where the property is situated, until the eighteenth of March, 1867, subsequent to the seizure. It is admitted that plaintiff would testify, that immediately after the said purchase he took possession of the property and has since paid the taxes, collected the rents, and exercised acts of ownership thereof. There is no pretense that defendant had any knowledge of plaintiff's title, and hence it is unnecessary to decide what effect such knowledge might have.

According to the law and the well settled jurisprudence of this State, and the act or proces verbal of the sale set up as conveying title to the plaintiff, could have no effect as to third persons, until duly recorded or registered in the parish where the property is located, and consequently, as to them, the plaintiff was not the legal owner thereof at the date of the seizure by the defendant. The registry in New Orleans showed the title to be in Mrs. Bowman, the deceased mother of defendant's debtor, and the heirship of the latter is established. See C. C. 2601; Acts of 1827, page 138, § 5; Acts of 1855, Nos. 274 and 285; 2 An. 278; 1 An. 249; 6 An. 772; 21 An. 591.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant dissolving the injunction herein, with costs in both courts.