## No. 6547.

### J. U. AND H. M. PAYNE & Co. vs. OCTAVIA PAVEY AND HUSBAND.

The failure of a recorder of mortgages to record a deed of sale of property, which deed has been deposited for registry with him by the *bona fide* purchaser of the property, can not in anywise operate to the prejudice of the rights of such pur-chaser, as owner of the property.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. ·Hewes, J.

·*Irion & Thorp*, for plaintiffs and appellants.

*Thomas Overton*, for defendant.

The opinion of the court was delivered by

·EGAN, J. This is an hypothecary action to enforce against certain lands in the possession of defendants a judicial mortgage resulting from ·the registry on the twenty-seventh of October, 1874, of a judgment ob-tained by plaintiffs against the vendor of defendant, Mrs. Octavia Pavey, born Cuvilier.

It appears from the evidence that the defendant purchased the prop-erty by public act on the eighteenth of January, 1872, and that the act ·was regularly deposited for record in the recorder's office of the parish ·of Avoyelles, in which the land lies, on the eighth of February, 1872, was

indorsed and filed the same day by F. W. Masters, recorder, who was a witness on the trial of this case, and swore that the indorsement was correct and that the act was deposited and filed in his office on the day named in the indorsement. It further appears from the evidence that the defendant went into possession at the time of sale, January, 1872, of the land conveyed, and has continued to possess and live upon it ever since, but that the act of sale, though deposited and filed for record according to law, on the eighth of February, 1872, was not actually recorded or transcribed on the books of the recorder's office until the eighteenth of September, 1876, some time subsequent to the registry of plaintiffs' judgment against defendant's vendor. The question raised in this case is whether under this state of facts the land in the hands of the defendant is subject to the judicial mortgage of plaintiffs against the property of her vendor. We think not. If there was fault, nothing in the evidence shows it to have been that of the defendant, who had no power to make the registry, and who had complied with the law by depositing or causing to be deposited and filed for record the act of sale in the recorder's office of the parish where the land lay long anterior to the obtaining or registering of plaintiffs' judgment. The laws of registry are arbitrary, and often operate constructive notice when there is no actual notice. In other States actual notice supplies the place of registry. This equitable doctrine is held not to prevail in Louisiana. In many cases of much greater hardship than the present, this court has considered itself bound to refuse relief, because " *ita lex scripta est*." So say we now. The plaintiffs seek in this case to disturb a *bona fide* purchaser who had been in actual possession for several years before the institution of this suit, solely on the ground that though filed for record in the proper office before his judgment the defendant's act of sale had not been actually transcribed on the books of the office. The law-maker has said otherwise. C. C., art. 2264, provides that no notarial act concerning immovable property shall have any effect against third persons until the same shall have been deposited in the office of the parish recorder or register of conveyances of the parish where such immovable property is situated. Article 2254 makes it the duty of the recorder to indorse on the back of each act deposited with him the time at which it was received by him and to record the same without delay in the order in which they were received; and provides further "that such acts shall have effect against third persons only *from the date of their being deposited in the office of the parish recorder;*" while article 2266 provides affirmatively that " *the recording of all contracts, sales,* and judgments affecting immovable property *shall* have effect from the time when the act is deposited in the proper office and indorsed by the *proper officer*." The title of the defendant was so deposited and indorsed, as we have seen,

long prior to either the obtaining or registry of plaintiffs' judgment against her vendor, and must prevail. We have been referred to several .cases showing the strictness required in regard to the registry of mortgages. They have no application to the case at bar, and upon that. subject we express no opinion. The judgment below was in favor of defendant, Mrs. Octavia Cuvilier, wife of Pavey, and rejected plaintiffs' demand with costs. It was correct, and must be affirmed.