**WOOD PRESERVING CORPORATION v. MITCHELL TIE & LUMBER CO., Inc. (POWERS, Intervener).**

No. 1577.

Court of Appeal of Louisiana. First Circuit.

March 23, 1936.

Mat J. Allen, of Amite, for appellant.

Ott & Johnson, of Franklinton, for appellee.

LE BLANC, Judge.

In the liquidation of the affairs of the Mitchell Tie & Lumber Company, Inc., in receivership, in the above-entitled proceedings, there was advertised for sale a certain tract of land containing 150 acres, together with all the improvements thereon, situated in the parish of East Feliciana.

L. L. Powers, the present intervener, was a judgment creditor of W. L. Mitchell, who, according to the allegations of the petition of intervention, was the principal stockholder of the Mitchell Tie & Lumber Company, Inc.

On January 15, 1932, W. L. Mitchell sold a large quantity of land situated in different parishes of Louisiana, and some in certain counties in Mississippi, to the Mitchell Tie & Lumber Company, Inc., in which was included the 150 acres in East Feliciana parish, just referred to. This sale was filed for record by the deputy clerk of court of East Feliciana parish on January 22, 1932, but was not actually inscribed in the conveyance records of the parish until November 3, 1934. On October 17, 1934, or a little more than two weeks before the sale was recorded in the conveyance book, the intervener had his judgment against Mitchell recorded in the mortgage records of the parish. He contends that the inscription of his judgment operated as a judicial mortgage against the property, the act of sale from Mitchell to the Mitchell Tie & Lumber Company, Inc., not having yet been recorded, and has filed this intervention claiming a privilege and priority over the proceeds of the sale of this particular 150-acre tract of land in this proceeding. He obtained an order of court under which the tract was separately sold and the receiver ordered to hold the proceeds until the termination of this suit.

The receiver of the defendant lumber company having failed to make an appearance or answer to the citation within the prescribed delay, judgment by default was entered, and subsequently confirmed, ordering him to pay the full amount derived from the sale of the tract of land involved, to wit, the sum of $500, to the intervener. Within the legal delay, however, the receiver filed a motion for a new trial, which was granted. The plaintiff herein, Wood Preserving Corporation, then filed

an exception of no right or cause of action to the petition of intervention, which exception was sustained by the lower court and the intervention dismissed. Intervener then took this appeal.

■ It is urged in the first place that the district judge did not have the right, under the law, to set aside the judgment which had been taken by default and to re-open the case. We are referred to no law or authority which denied such right to the district judge, however, and, moreover, as no bill of exception was reserved to the ruling of the lower court on this point, the matter is not reviewable on appeal.

■ The question raised under the exception of no cause of action is with regard to the effect of the transfer of real estate as to third persons when the deed of transfer is filed with the clerk of court or recorder, but is not actually recorded by him in the conveyance records.

Revised Civil Code, art. 2254, prescribes that: "It shall be the duty of the recorder to indorse on the back of each act deposited with him the time it was received by him, and to record the same without delay in the order in which they were received; and such acts shall have effect against third persons only from the date of their being deposited in the office of the parish recorders." Article 2264 provides further, that: "No notarial act concerning immovable property shall have any effect against third persons, until the same shall have been deposited in the office of the parish recorder, or register of conveyances of the parish where such immovable property is situated."

The Supreme Court had occasion to interpret these articles of the Code in the case of Payne & Co. v. Pavey, 29 La.Ann. 116. The only difference between that case and the present is that the holder of the judicial mortgage was attempting to enforce his claim by hypothecary action against the property which was owned by an individual instead of by claiming a privilege as is being done by intervener here. The issue involved was the very same, however. In considering the question presented, the court said: "The plaintiffs seek * * * to disturb a bona fide purchaser who had been in actual possession for several years before the institution of this suit, solely on the ground that though filed for record in the proper office before his judgment the defendant's act of sale had not been actually transcribed on the books of the office. The law-maker has said otherwise."

The articles of the Code herein cited as well as article 2266 are then referred to, after which the court adds: "The title of the defendant was so deposited and indorsed, as we have seen, long prior to either the obtaining or registry of plaintiffs' judgment against her vendor, and must prevail. We have been referred to several cases showing the strictness required in regard to the registry of mortgages. They have no application to the case at bar, and upon that subject we express no opinion."

An interesting discussion of these same articles of the Code is to be found in the case of Schneidau v. New Orleans Land Co., 132 La. 264, 61 So. 225, 233, with particular reference to the deposit and recordation of acts in the office of register of conveyances in the city of New Orleans, and it was therein held that the act of sale under consideration having been deposited in that office and indorsed by the proper officer, "it was therefore registered in accordance with the law; and plaintiff is deemed to have notice of such registry."

This court committed itself to this same proposition in the case of Opelousas Finance Co. v. Reddell et al., 9 La.App. 720, in which the distinction was made with regard to the necessity of actual registration of the instrument as between an act of conveyance and an act of mortgage. The court therein stated: "The law in this State, has for many years been that an act of conveyance is effective against third persons as soon as deposited for record in the Recorder's Office. C.C. 2266. Schneidau v. New Orleans Land Co., 132 La. 264, 61 So. 225. In regard to mortgages however, merely depositing the act of mortgage in the Recorder's Office, was not deemed sufficient and third persons were not affected with notice until such act of mortgage was actually recorded."

It is then stated that it was presumably to place acts of mortgage on the same footing as acts of conveyance that Act No. 215 of 1910, was passed. We find it unnecessary here to discuss the features of that act, as its provisions relate to acts which only import a mortgage or privilege with which we are not concerned in this case.

We think that the articles of the Code and the authorities cited fully support the judgment of the lower court which sustained the exception of no cause of action and dismissed the intervention in this case.

Judgment affirmed.