GLADNEY, Judge.
Lee Kinnebrew and G. E. Joyce on July 30, 1960, assigned to Tri-Con Production Corporation certain oil, gas and mineral leases and reserved unto themselves a vendor’s lien and mortgage evidenced by a mortgage note of $3,000.00. Tri-Con on August 4, 1960 conveyed the leases to its president, Gordon M. LeBlanc, who, in turn, assigned the same to Claire Benz-Stoddard, now Mrs. Fred Falkin. The latter assignment was dated August 5, 1960, and contained no reference to the privilege and mortgage. All three of these instruments were filed for recordation by the Clerk of Court on August 5, 1960, in the following order: The assignment by Kinnebrew and Joyce to Tri-Con was endorsed with the date, hour and minute of filing which was at 3:37 P.M.; the conveyance by Tri-Con to Gordon M. LeBlanc was marked filed as of 3:40 P.M. and the assignment by Le Blanc to Mrs. Falkin as of 3:42 P.M. Although the filings of the several instruments *22 were made in proper order with the recorder of mortgages, through neglect of an employee of the office the assignment by Kin-nebrew and Joyce to Tri-Con stipulating the special mortgage and vendor’s privilege, was not inscribed in the mortgage book until August 8, 1960, and in point of time of inscription was subsequent to that of the instrument from LeBlanc to Mrs. Falkin, which, as above stated, did not contain reference to any mortgage or privilege.
When Tri-Con failed to pay its mortgage indebtedness Kinnebrew and Joyce instituted this suit for the purpose of having its privilege and mortgage recognized upon the oil and gas leases. Mrs. Falkin then intervened in this suit, asserting she acquired the leases free of the lien and mortgage because the assignment from Kin-nebrew and Joyce was not of record in the records of Caddo Parish, Louisiana, when she acquired the leases, and that actually the assignment from Kinnebrew and Joyce to Tri-Con was not inscribed in the mortgage book until some three days after rec-ordation of the assignment from LeBlanc to herself.
After a hearing the district judge awarded judgment in favor of the plaintiffs on the note against Tri-Con Production Corporation and Gordon LeBlanc, but in that judgment reserved unto plaintiffs their claim for recognition of the vendor’s lien and mortgage against the leases acquired by Mrs. Falkin, and on April 11, 1962, the court awarded judgment in favor of Claire Benz-Stoddard Falkin and against Kin-nebrew and Joyce, rejecting the demand for recognition of the lien and mortgage against the leases acquired by Mrs. Falkin, the intervenor. Plaintiffs have appealed from that portion of the judgment which rejected their claim for recognition of their mortgage upon the leases.
The single issue presented on the appeal arises under Act 215 of 1910, LSA-R.S. 9:5141, which reads:
“All acts or instruments of writing which import mortgage or privilege, when filed for record with the recorder of mortgages, shall be immediately indorsed by him with the date, hour, and minute of filing which indorsement shall be recorded with the registry of the instrument.
“All such instruments shall be effective against all persons from the time of their filing.”
The ultimate question is whether the assignment and act of mortgage from Kinne-brew and Joyce to Tri-Con was effective against all persons from the time of its filing. If this is established, then the Kinne-brew and Joyce assignment prevails and' the leases acquired by Mrs Falkin are impressed with the privilege and mortgage so-stipulated. The basis for the judgment of the court a qua, which is urged upon this, court by the appellees, is that the Kinne-brew and Joyce instrument was not effective against Mrs. Falkin until it was inscribed in the book of mortgages.
The salient facts disclose the Kinnebrew and Joyce mortgage was properly filed prior-in point of time to the assignment to Mrs.. Falkin. The fact is, however, that the Kin-nebrew and Joyce mortgage was not inscribed in the book of mortgages until two-days after the assignment to Mrs. Falkin.
Appellees assume the position that the incumbrance is ineffective insofar as Mrs. Falkin is concerned. We reject this application of the statute. There is no ambiguity in LSA-R.S. 9:5141. We think it plainly means what it says, namely: “All such instruments shall be effective against all persons from the time of their filing.” Inscription in the book of mortgages is not required in order to make the instrument effective against all persons. It is conceded the Kinnebrew-Joyce assignment was in all' respects properly filed or deposited with the-recorder of mortgages and endorsed with the date, hour and minute of filing. Under the very terms of the statute in order to preserve their privilege and mortgage, Kin-nebrew and Joyce were not required to do-more.
*23 Reference is made by counsel for the appellees to certain decisions which expressly appear to hold that Act 215 of 1910 contemplates and requires inscription of the instrument in the book of mortgages before third persons are affected. These cases are: Lederman v. McCallum, 1 La.App. 552 (2d Cir. 1925); Charrier v. Greenlaw Truck & Tractor Company, Inc., La.App., 2 La.App. 622; Whitney-Central National Bank v. Cuneo and Fidelity & Deposit Company of Md., La.App., 7 La.App. 197 (Orl.1927); and Opelousas Finance Company v. Reddell, 9 La.App. 720, 119 So. 770 (1st Cir. 1929). We are not in accord with these holdings insofar as they appear to construe the statute to require in addition to filing, an inscription in the book of mortgages in order to be effective against all persons. Those cases conflict with rulings of the Supreme Court in Godchaux Sugars, Inc. v. Leon Boudreaux & Bros., 153 La. 685, 96 So. 532 (1923); and Robin v. Harris Realty Company, 178 La. 946, 152 So. 573 (1934).
Examination of statutes and Codal articles written prior to the 1910 act indicates the legislature by enacting the 1910 statute sought to provide that privileges and mortgages should take effect in the same manner as conveyances. Prior to the adoption of the Civil Code of 1870, the .recordation of conveyances outside the Parish of Orleans took effect from the date of deposit of the act in the office of the parish recorder; but in New Orleans such conveyances, apparently, took effect only from the date of actual registry. This distinction was eliminated by the Civil Code of 1870. In statutes passed over the years, and as used in Section 3, Chapter 6 of the Civil Code, .registry was defined to be ■“the act of recording or writing in the register, or depositing in the place of public records.” The Legislators used the words “to deposit”, “to register” and “to record” to denote a .recording or writing or depositing as interchangeable words, meaning the same thing. See: Schneidau v. New Orleans Land Company, 132 La. 264, 61 So. 225 (1913), wherein the court also made these pertinent observations:
“The registry of a deed is the only statutory method of giving notice of the change of property by means of a conveyance, and it is also the only statutory mode of giving effect and operation to such deed as to any person or persons, except the vendor and vendee and their heirs; and it seems to be the general current of authority that, when the document is lodged in the proper office, the recordation exists— is done — and we have so held with reference to the deposit of deeds in the parishes outside of Orleans. This is the first occasion presented for a decision as to the effect, without actual registering by the register, of a deed deposited in the office of the register of conveyances in the ctiy of New Orleans.”
The court then proceeded to hold that the act of sale under consideration was deposited in the office of the .register of conveyances in the parish of Orleans and endorsed by him, and was, therefore, registered in accordance with the law and plaintiff deemed to have notice of said registry. Articles of the Civil Code enacted into law in the year 1870 or prior to Act 215 of 1910, have, in our opinion, insofar as they conflict with Act 215 of 1910 (LSA-R.S. 9:5141) been repealed, and the provisions of the latter statute must prevail. State v. Recorder of Mortgages, La.App., 94 So.2d 700, 704 (Orl.1957).
In Godchaux Sugars, Inc. v. Leon Boudreaux & Bros., supra, three judgments were rendered seriatim by default at motion hour on the same day in the district court for the Parish of St. Charles, and they were subsequently inscribed in the book of mortgages for said parish, each immediately following the other. The evidence disclosed, however, that after the judgments were delivered to the Clerk of Court he took them to the rec'order’s office and proceeded to file them for record. He was *24 unable to state which judgment was stamped first, however, as he had not endorsed on each instrument the hour and minute of its filing. It was, therefore, impossible for the court to determine from such evidence which of the judgments had been filed first in point of time. Therefore, possibly for equitable reasons, the court held all three of the judicial mortgages should be ■ranked concurrently. The ruling makes it clear the decision was governed by Act 215 of 1910, for otherwise the order of inscription in the book of mortgages would have prevailed. The court after stating that the law governing the issue involved was to be found in Act 215 of 1910, which it quoted, then said:
“It is apparent, from a mere .reading of the statute, that it is not from the date of recording, but from the time of filing, that the instrument becomes effective against third persons.”
The Supreme Court in Robin v. Harris Realty Company, 178 La. 946, 152 So. 573 (1934), cited Civil Code articles 2254, 2264, 2266 and Act 215 of 1910, and declared:
“Judicial mortgages and conventional mortgages and sales of real estate all take effect as to third parties in the order in which such instruments are filed for record.”
The foregoing cases in our opinion, make it crystal clear that third persons are effectively notified of the recordation of a mortgage when such instrument has been properly filed with the recorder of mortgages and its effect upon third persons does not depend upon inscription in the book of mortgages.
Fo.r the reasons hereinabove set forth, it is ordered, adjudged and decreed that the judgment rendered on April 11, 1962, in favor of the intervenor, Claire Benz-Stod-dard Falkin, and against the plaintiffs, Lee Kinnebrew and G. E. Joyce, rejecting the demands of said plaintiffs for the recognition of a lien and privilege on the interest owned by intervenor, Claire Benz-Stoddard Falkin, in and to certain oil, gas and mineral leases as described therein, and also hereinafter described, be and the same is hereby annulled, reversed and set aside; and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiffs, Lee Kinnebrew and G. E. Joyce, and against the intervenor, Claire Benz-Stod-dard Falkin, with full recognition of plaintiffs’ lien, privilege and mortgage on the interest owned by intervenor, Claire Benz-Stoddard Falkin, in and to the following described oil, gas and mineral leases:
“1. An oil, gas and mineral lease, W. S. Touchstone, lessor, and Plymouth Oil Company, lessee, dated April 20, 1955, and recorded in the records of the Clerk of Court of Caddo Parish, Louisiana, Book 757, Page 745;
“2. An oil, gas and mineral lease, Blackstone Oil Company, Ltd., lessor, and Plymouth Oil Company, lessee, dated April 30, 1955, and recorded in the records of the Clerk of Court of Caddo Parish, Louisiana, Book 764, Page 25;
“3. An oil, gas and mineral lease, A. G. Birdwell, John M. Madison, and R. T. Chapman, lessors, and B.ryon H. Schaff, lessee, dated October 26, 1953, and recorded in the records of the Clerk of Court of Caddo Parish, Louisiana, file #60954, Book 708, Page 593;
“4. An oil, gas and mineral lease, Charles H. Miley, lessor, and A. G. Birdwell, lessee, dated September 9, 1953, and recorded in the records of the Clerk of Court of Caddo Parish, Louisiana, File No. 55905;
“5. An oil, gas and mineral lease, Charles A. Kuhn, Ed Gibbons, J. F. Van Cleve, Bruce Sciscoe, and Pauline Van Cleve, lessors, and A. G. Birdwell, lessee, dated June 22, 1954, and recorded in the records of the Clerk of Court of Caddo Parish, Louisiana, File No. 99284;
“6. An oil, gas and mineral lease, Delta Drilling Company, lessor, and Lee *25 Kinnebrew, lessee, dated April 4, 1960, and recorded in the records of the Clerk of Court of Caddo Parish, Louisiana, Reg. No. 248368;
“7. An oil, gas and mineral lease, Mrs. Evangeline C. Mijalis et al, lessor, and Gilbert S. Johnson, Jr., lessee, dated March 1, 1954, and recorded in the .records of the Clerk of Court of Caddo Parish, Louisiana, File No. 67815, Book, 720, Page 683.”
The intervenor, Claire Benz-Stoddard Falkin is cast for cost.
Reversed and rendered.