h GREMILLION, Judge.
The plaintiff, Tynes E. Mixon, III, appeals the judgment of the trial court dismissing his claim against the defendant, Timberstone, L.L.C. For the following reasons, we reverse and remand the matter for further proceedings in accordance with this opinion.
FACTS
Mixon purchased a tract of land comprised of 3.11 acres in Iberia Parish. At the time of his purchase, the tract was an enclosed estate with no right of access to a public road. Prior to his purchase, Mixon spoke with Troy Comeaux, a partner in Timberstone, concerning the possible purchase of one or two lots in the Timber-stone Subdivision, which has access to a public road, Bonnet Street. Although Co-meaux showed initial enthusiasm in the idea, he and his partner, Kirk Sieber, decided not to sell any lots to Mixon. Following his purchase, Mixon filed a Petition for Granting of Servitude seeking a right of passage through land owned by Timber-stone. In its answer, Timberstone denied that Mixon was entitled to the relief he sought.
During a trial on the merits, Mixon testified that his property was bordered to the south by property owned by Alfred LaSalle, to the north by Tete Bayou, to the east by the Timberstone Subdivision, and to west by an enclosed estate owned by Maxie Labry. He further testified that *1096 the most practical place for him to attain a right of passage to a public road would be through Timberstone Subdivision to Bonnet Street, on property owned by Timber-stone. However, Sieber testified that Tim-berstone was no longer the owner of the subdivision lots lying adjacent toJjjMixon’s property. He and Comeaux both testified that the subject lots were owned by James and Daniel Bulliard through an Act of Cash Sale executed on June 16, 1999, subject to a right to repurchase the property. Nevertheless, this sale was never filed in the Iberia Parish conveyance records. Following the close of evidence, the trial court rendered judgment dismissing Mix-on’s suit against Timberstone finding that it was not the proper party to bring this action against. This appeal by Mixon followed.
ISSUE
On appeal, Mixon raises one assignment of error. He argues that the trial court erred in failing to award a right of passage against Timberstone, at least to the extent of its real right in the serviant estate.
DISCUSSION
Mixon argues that the trial court should, at least, have granted him a right of passage against Timberstone, to the extent of its right in the Timberstone Subdivision property. He further argues that he should have been allowed to rely on the Public Records Doctrine, since the act of sale between Timberstone and the Bulli-ards was never filed in the conveyance records of Iberia Parish. We agree.
In Craftsmen Homes, Inc. v. Hollywood Door Co., Inc., 583 So.2d 879, 882 (La.App. 1 Cir.1991), the court stated, with regard to the Public Records Doctrine:
The purpose of the public records doctrine is to insure the stability of the titles to land. Camel v. Waller, 526 So.2d 1086, 1089 (La.1988); Blevins v. Manufacturers Record Publishing Company, 235 La. 708, 105 So.2d 392, 414 (1958) (Tate, J. on rehearing). It has been held that there can be no actual owner of immovable property, insofar as third persons are concerned, other than the owner of record. Robin v. Harris Realty Co., 178 La. 946, 152 So. 573, 574 (1934); State v. Recorder of Mortgages, 175 La. 94, 143 So. 15, 17 (1932); Baker v. Atkins, 107 La. 490, 32 So. 69, 70 (1902).
Pursuant to the Public Records Doctrine, we find that Mixon correctly relied on the public records in bringing suit against Timberstone, since it was the owner of record of the Timberstone Subdivision lots. It is of no moment that he was told at some point that Timberstone was no longer the owner of the lots. Actual knowledge of an unrecorded interest is immaterial. Dallas v. Farrington, 490 So.2d 265 (La.1986). Therefore, Timber-stone was still the owner of record of the lots through which Mixon seeks a right of passage. Accordingly, we find that the trial court erred in dismissing Timberstone from this action. This matter is remanded to the trial court for further proceedings, in which Mixon should be allowed the opportunity to add the Bulliards as defendants in this matter.
We further note that Timberstone argues that Bonnet Street is not the nearest public road to Mixon’s property. It claims that Oak Manor Drive, which lies across Tete Bayou to the north, is only 111.91 feet from his property. Testimony during the trial revealed that the depth of a lot adjoining Mixon’s property, running from Bonnet Street to his property, is 117.61 feet.
The relevant articles of the Civil Code provide:
La.Civ.Code art. 689:
*1097 The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
La.Civ.Code art. 692:
| ¿The owner of the enclosed estate may not demand the right of passage anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands.
In Pearson v. Theriot, 534 So.2d 35 (La. App. 3 Cir.1988), this court dealt with the location of a right of passage. Three locations were proposed for the right of way in this case, one of which would have involved the construction of a bridge across a canal. In affirming the trial court’s choice of location, we stated:
The term “generally” in LSA C.C. Art. 692 is an acknowledgment that there are exceptions to the general rule, and it recognizes that the nature and location of the right of passage are governed by the circumstances of each case. Anderton v. Akin, 493 So.2d 795 (La.App. 2d Cir.1986), writ denied, 497 So.2d 1014 (La.1986).
Furthermore, in Littlejohn v. Cox, 15 La.Ann. 67 (1860), at page 69, the Louisiana Supreme Court departed from the strict letter of the codal articles and applied a balancing test for the location of the right of passage.
In determining the place where the right of way shall be exercised, the matter is not left entirely at the caprice or option of the party compelled to grant the servitude. At the same time that due regard will be paid to his interests, and even to his convenience in the premises, the court will keep in view the rights which the law intends to secure to the opposite party. The road awarded must be such a one as will be serviceable, one, of which he may derive the contemplated advantage of a force (sic) expropriation. The defendants cannot exact that an extremely circuitous, impracticable and expensive route should be taken by the plaintiff, because it may happen to be less burdensome to the former.
Id. at 36-37.
We point out this case for the trial court’s edification, since it will have to decide the best route for the right of passage and the route proposed by Timber-stone would involve the construction of a bridge across Tete Bayou.
^CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. The costs of this appeal are assessed to the defendant-appellee, Timberstone, L.L.C.
REVERSED AND REMANDED.